PANTLIN AND CHANANIE DEVELOPMENT CORPORATION
*v.* HARTFORD CEMENT AND BUILDING SUPPLY COMPANY

PETERS, HEALEY, PARSKEY and ARMENTANO, Js.*

Argued May 7—decision released August 31, 1982

*Charles A. Sherwood,* for the appellant (defendant).

_____

* By agreement of counsel the case was argued before and decided by four justices.

*Frank W. Murphy,* for the appellee (plaintiff).

*Vincent M. DeAngelo,* for the appellee (intervening plaintiff Owens-Corning Fiberglas Corporation).

PER CURIAM. This appeal arises out of a denial of a motion to open and set aside a judgment discharging the defendant's mechanic's lien on the real property of the plaintiff.

The record establishes that the defendant, Hartford Cement and Building Supply Company, on September 26, 1979, placed a mechanic's lien on real property in Norwalk owned by the plaintiff, Pantlin and Chananie Development Corporation. Pursuant to General Statutes § 49-35a (a)[1] the plaintiff, on November 6, 1979, filed an application for the discharge of this mechanic's lien. After a court ordered hearing held on November 13, 1979, the plaintiff's application was granted because the "defendant has failed to appear after notice of

---

[1] General Statutes § 49-35a (a) provides as follows: "(a) Whenever one or more mechanics' liens are placed upon any real estate pursuant to sections 49-33, 49-34, 49-35 and 49-38, the owner of the real estate, if no action to foreclose the lien is then pending before any court, may make application, together with a proposed order and summons, to the superior court for the county or judicial district in which the lien may be foreclosed under the provisions of section 51-345, or to any judge thereof, that a hearing or hearings be held to determine whether the lien or liens should be discharged or reduced. The court or judge shall thereupon order reasonable notice of the application to be given to the lienor or lienors named therein and, if the application is not made by all owners of the real estate as may appear of record, shall order reasonable notice of the application to be given to all other such owners, and shall set a date or dates for the hearing or hearings to be held thereon. If the lienor or lienors or any owner entitled to notice is not a resident of this state, the notice shall be given by personal service, registered or certified mail, publication or such other method as the court or judge shall direct. At least four days notice shall be given to the lienor, lienors or owners entitled to notice prior to the date of the hearing."

hearing given and therefore has failed to sustain the burden of proof required . . ." to sustain the validity of the lien. See General Statutes § 49-35b (a) and (b).

Four additional defendants, each a subcontractor which had filed a mechanic's lien on the real estate owned by the plaintiff, appeared at the hearing and settled their claims with the plaintiff.[2] The court ordered that the share of available funds allocated to the defendant[3] be prorated among three of the defendants "if no appeal is filed by Hartford Cement or if the appeal is filed but not successful."

Two days after the court rendered judgment against the defendant, the defendant filed a motion to "reopen and set aside judgment of default and/or discharge of mechanic's lien" pursuant to General Statutes § 52-212[4] and Practice Book § 377. In that

[2] One of the lienors, Owens-Corning Fiberglas Company, intervened in subsequent proceedings initiated by the defendant.

[3] The court did not specify the amount of the defendant's share, nor did it specify the basis of the share. Review of the transcript reveals that the amount availible for distribution among the lienors was $14,124. At oral argument, counsel for plaintiff indicated that the defendant's pro rata share in the amount of $6143 is being held by the plaintiff pending disposition of the present appeal.

[4] General Statutes § 52-212 provides as follows: "Any judgment rendered or decree passed upon a default or nonsuit in the superior court may be set aside, within four months succeeding the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting or making the same. Such complaint or written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or defendant failed to appear. The court shall

motion the defendant alleged that it was "served" with the application for an order of discharge of the mechanic's lien on November 9, 1979, but that, due to delay of the mails and hospitalization of its counsel, the defendant was prevented from appearing at the hearing; that there was probable cause to sustain the validity of the mechanic's lien; and that the court had ordered inadequate notice of the hearing. While the motion to open the judgment was pending, the defendant filed three other motions in the trial court on November 20, 1979: a motion for extension of time within which to file an appeal, a motion for a stay of execution of the judgment discharging the lien, and a motion for dismissal of the discharge application. The grounds for each of these motions, as well as for the motion to open and set aside, included the trial court's lack of jurisdiction over the defendant because of insufficient notice and defective service of process.

In its memorandum of decision in response to those various motions, the court held that the exclusive mode of review of the propriety of its prior judgment discharging the mechanic's lien was an appeal to this court within seven days of the discharge as provided under General Statutes § 49-35c (b).[5] Although the defendant had filed a motion for extension of time within which to file an appeal

order reasonable notice of the pendency of such complaint or written motion to be given to the adverse party, and may enjoin him against enforcing such judgment or decree until the decision upon such complaint." Practice Book § 377 mirrors the language of the foregoing statute.

[5] General Statutes § 49-35c (b) provides as follows: "(b) No appeal may be taken from the order except within seven days thereof. The effect of the order shall be automatically stayed for the seven-day period. If an appeal is taken within the seven-day period, the party taking the appeal may, within that period, file an application with the clerk of the court in which the order was issued,

within the statutory deadline, it had not filed an appeal. Accordingly, the court denied the defendant's motion to open,[6] and declined to consider its three other motions,[7] reasoning that it was without jurisdiction to consider the merits of those motions.

Within one week of the judgment denying its motion to open and set aside, the defendant filed an appeal from the judgments rendered by the court discharging the mechanic's lien and denying its motion to open and set aside, and from the court's declining to consider its motion to dismiss the plaintiff's application to discharge. As alternate grounds for error, the defendant claims that there was error in the trial court's failure to grant his motion to open and set aside the judgment and in the court's underlying failure to dismiss the plaintiff's application for discharge. Both claims of error argue that the trial court lacked personal jurisdiction over the defendant as a result of defective service of process or an unreasonably brief notice period before the scheduled hearing on the plaintiff's application.

We agree with the defendant that the trial court was in error in failing to address those issues. In

requesting a stay of the effect of the order pending the appeal, which application shall set forth the reasons for the request. A copy of the application shall be sent to each other party by the applicant. Upon the filing of the application, the effect of the order shall be further stayed until a decision is rendered thereon. A hearing on the application shall be held promptly. The order shall be stayed if the party taking the appeal posts a bond, as provided in subsection (c) of this section."

[6] The record indicates that the trial court ordered that the order for discharge of the lien should be set aside and that the defendant should be allowed to present evidence. In light of the memorandum of decision and corresponding judgment, the order as it appears in the record is apparently in error.

[7] At the hearing on the defendant's motion to correct the record, filed more than four months after the filing of the appeal, the court again declined to decide the defendant's motion for extension of

determining whether to open a judgment upon a default or nonsuit, the trial court must consider whether the party prejudiced by the judgment has sustained its burden of "showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting or making the same." General Statutes § 52-212; Practice Book § 377; *Snelling & Snelling* v. *Dan-Ridge Chevrolet, Inc.,* 179 Conn. 671, 672, 427 A.2d 846 (1980). Whenever a jurisdictional challenge is brought to the attention of a court, that issue must be resolved in the court the jurisdiction of which has been questioned. See, e.g., *Baldwin Piano & Organ Co.* v. *Blake,* 186 Conn. 295, 297, 441 A.2d 183 (1982); *Salamandra* v. *Kozlowski,* 173 Conn. 136, 139, 376 A.2d 1103 (1977); *Willard* v. *West Hartford,* 135 Conn. 303, 306, 63 A.2d 847 (1949); *Walkinshaw* v. *O'Brien,* 130 Conn. 122, 124, 32 A.2d 547 (1943); see also *Ins. Corporation of Ireland, Ltd.* v. *Compagnie des Bauxites de Guinea,* 456 U.S. 694, 705, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982).

The trial court's refusal to consider the merits of the defendant's motion to open and set aside the judgment was grounded on a misreading of General Statutes § 49-35c (b). Although that section limits the time within which an appeal may be taken, it does not affect the continuing jurisdiction that is conferred upon the Superior Court by virtue of General Statutes § 52-212. Continued authority to entertain motions to open judgments does not con-

time within which to file an appeal and its motion to dismiss. The court did not address the defendant's motion for stay of execution pending appeal.

flict with the legislative policy commanding speedy resolution of mechanic's lien contests because the filing of a motion to open and set aside a judgment does not stay execution of the judgment.

There is error, therefore, in the appeal from the judgment denying the defendant's motion to open and set aside, that judgment is set aside and the case is remanded to the trial court for further proceedings with regard to that motion. Because its resolution may well render moot the defendant's appeal from the judgment discharging the mechanic's lien, we decline to review that judgment at this time.