PANTLIN AND CHANANIE DEVELOPMENT CORPORATION
*v.* HARTFORD CEMENT AND BUILDING
SUPPLY COMPANY
(12248)

PETERS, C. J., HEALEY, SHEA, DANNEHY and SANTANIELLO, Js.

Argued March 5—decision released May 14, 1985

*Charles A. Sherwood,* for the appellant (defendant).

*Frank W. Murphy,* for the appellee (plaintiff).

DANNEHY, J. The primary issue raised by this appeal is whether it was an abuse of discretion for the trial court, *Curran, J.,* to refuse to open and set aside a

default judgment discharging the defendant's mechanic's lien on the real property of the plaintiff.

This is a second appeal by the defendant involving the same parties and the same subject matter. See *Pantlin & Chananie Development Corporation* v. *Hartford Cement & Building Supply Co.*, 188 Conn. 253, 449 A.2d 162 (1982). The detailed statement in that opinion includes all of the material facts upon which the issues relevant to this appeal rest. Reference is therefore made to it, without reprinting in this connection. On the last appeal it was decided that the trial judge, *Melville, J.*, should have considered the merits of the defendant's motion to open and set aside the default judgment; and the case was remanded to the trial court for further proceedings with regard to that motion. Id., 259.

At the mandated hearing in the Superior Court on February 1, 1983, before *Curran, J.*, the case was submitted on the transcript and exhibits of the proceedings before *Melville, J.* After hearing arguments of counsel, the trial court denied the defendant's motion to open and set aside the judgment of November 13, 1979, *Melville, J.*, discharging the defendant's mechanic's lien.[1] The defendant appealed.

Our consideration of the propriety of an order denying a motion to set aside a judgment rendered upon default must be grounded upon General Statutes § 52-212 and certain rules which have been long recognized. The statute provides that any judgment rendered upon default may be set aside within four months upon the complaint or written motion of any person preju-

---

[1] The defendant had also filed a motion to dismiss the application of the plaintiff, raising the same jurisdictional issues as those raised in the motion to open and set aside the default judgment. Although Judge Curran did not directly address the motion to dismiss, the defendant concedes that the issues in the two motions are identical. Our decision, therefore, is dispositive of both motions.

diced thereby, showing reasonable cause, or that a good defense in whole or in part existed at the time of rendition of such judgment and that the defendant was prevented by mistake, accident or other reasonable cause from appearing to make the same. Practice Book § 377 contains similar language. It is thus clear that to obtain relief from a judgment rendered after a default, two things must concur. "There must be a showing that (1) a good defense, the nature of which must be set forth, existed at the time judgment was rendered, and (2) the party seeking to set aside the judgment was prevented from making that defense because of mistake, accident or other reasonable cause. General Statutes § 52-212; Practice Book § 377." (Citations omitted.) *Eastern Elevator Co.* v. *Scalzi,* 193 Conn. 128, 131, 474 A.2d 456 (1984). In the case of *Eastern Elevator Co.* v. *Scalzi,* we reiterated that in granting or refusing an application to open a judgment, the trial court is required to exercise a sound judicial discretion and its decision will be set aside only for an abuse of such discretion. Id., 131–32. We noted in *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 34, 82 A.2d 146 (1951), that the denial of a motion to set aside a default judgment should not be held to be an abuse of discretion in any case in which it appears that a defendant has not been prevented from appearing by mistake, accident or other reasonable cause. Of course, negligence is no ground for vacating a judgment, and we have held consistently that the denial of a motion to open a default judgment should not be held an abuse of discretion where the failure to assert a defense was the result of negligence. *Eastern Elevator Co.* v. *Scalzi,* supra, 132.

The first contention raised by the defendant is that the trial court's refusal to set aside the default judgment was an abuse of discretion because the trial court lacked personal jurisdiction over the defendant as a

result of defective service of the notice of hearing on the plaintiff's application for discharge of the mechanic's lien and the unreasonably brief period of time between notice and hearing. The defendant's claims under this contention may be grouped in the following manner: (a) that the defendant was improperly served; (b) that the service by a sheriff of the notice of hearing on the application for discharge of the lien was invalid; and (c) that the notice received was inadequate.

The record discloses that on November 6, 1979, the plaintiff filed an application seeking an order for discharge and/or reduction of the defendant's mechanic's lien on real estate of the plaintiff and/or an order allowing the substitution of a bond in lieu of the lien. On that same day a writ issued to the sheriff of Fairfield County for service. The deputy sheriff's return of service shows that a copy of the application with the order for a hearing thereon on November 13, 1979, was left with and in the hands of Charles (Chuck) B. Ruchin, the defendant's credit manager, at the defendant's usual place of business at 45 Granby Street in Hartford on November 8, 1979. The claim made in support of the motion is that lawful service on a proper party had not been made in accordance with General Statutes § 52-57 (c) which permits service upon "any person who is at the time of service in charge of the office of the corporation . . . ."[2]

---

[2] General Statutes § 52-57 (c) provides in pertinent part: "In actions against a private corporation, service of process shall be made either upon the president, the vice president, an assistant vice president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller or the assistant teller or its general or managing agent or manager or upon any director resident in this state, or the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located. . . ."

Nicholas J. Bredice, the deputy sheriff who made the service, testified. He stated that after he entered the defendant's office he identified himself and stated he was there to serve papers. Upon his inquiry as to whom he should give them, a clerk referred him to a Mr. Ruchin. When he found Ruchin, he identified himself and announced why he was there. Ruchin accepted the papers and gave the officer a business card which identified Ruchin as the credit manager. Ruchin never indicated that he was unauthorized to accept service. The defendant did not present any evidence to contradict the sheriff's testimony. The president of the corporation testified that he and a Mr. McNally were the only officers and directors of the corporation and that neither man was in the office at the time of service. He made no attempt to identify who was in charge of the office at that time.

It was for the trial court to weigh the evidence and determine the credibility of the witnesses. This court cannot and will not weigh the evidence contained in the record before us. *Edgewood Construction Co.* v. *West Haven Redevelopment Agency,* 170 Conn. 271, 272, 365 A.2d 819 (1976). If there is sufficient evidence in the record in support of the decision of the trial court such decision must be affirmed. We cannot say that the trial court erred in its determination that service upon the defendant's credit manager was proper.

The defendant next claims that the sheriff, who was from Fairfield County, had no authority to make service of process outside of his precincts upon the defendant in Hartford. General Statutes § 52-56 provides in pertinent part that "[i]f any officer has commenced the service of any civil process within his precinct, he may . . . serve such process upon, any defendant therein named without his precinct . . . ." The sheriff testified that he had made prior service in Fairfield County before going to Hartford on the date in ques-

tion, but he was unable to recall whether that service was applicable to the present case. He later testified on redirect examination that he did recall making service on the Deering Company, one of the defendants located in Fairfield County, prior to making service in Hartford. The trial court then concluded that the service of process by the sheriff upon the defendant complied with the statutory requirements of § 52-56. As to the defendant's argument that there was but one defendant in this case and that the other parties were "collateral defendants," we state only that the trial court was justified in relying on this court's characterization of the parties in the first appeal taken by the defendant wherein we stated that "[f]our additional defendants" appeared at the November 13, 1979 hearing. *Pantlin & Chananie Development Corporation* v. *Hartford Cement & Building Supply Co.,* supra, 255.[3] Under the circumstances, we cannot say that the trial court erred in its finding that the sheriff had the authority to serve process on the defendant.

The final jurisdictional claim argued by the defendant is that the default judgment should have been set aside for the failure to provide adequate notice under General Statutes § 49-35 (a). This statute, concerning applications for discharge or reduction of mechanic's liens, provides that "reasonable notice" be given to the lienor, but specifies "[a]t least four days notice" shall be given prior to the date of the hearing on the application. The defendant claims that because three of the four days notice he received were nonbusiness days, due to the long holiday weekend, the notice provided was inadequate.

It is too plain for discussion that the trial court decided this issue upon the provisions of the statute

---

[3] We note also that the name of the case on the transcript of the November 13, 1979 hearing lists five companies, including this defendant and the Deering Corporation, as the defendants.

and in compliance therewith. There is no question that "reasonable notice" means a period of "at least four days." The statute does not make any distinction between business and nonbusiness days. The trial court found that service was made on November 8, 1979, and the hearing was scheduled for November 13, 1979. Excluding the two terminal days; see *Treat* v. *Town Plan & Zoning Commission,* 145 Conn. 136, 139, 139 A.2d 601 (1958); there were four intervening days between the date of notice and the date of hearing. We agree with the trial court that adequate notice had been given in accord with the provisions of the statute.

The second contention raised by the defendant is that the trial court erred in failing to rule on the merits of its motion to open and set aside the default judgment. In its motion, the defendant alleged that, due to the hospitalization of its attorney, it was prevented from appearing at the hearing on the plaintiff's motion to discharge the lien, and that there was probable cause to sustain the validity of the mechanic's lien. While citing these allegations in its memorandum of decision, the trial court did not make any specific findings as to why it resolved these issues in favor of the plaintiff.

The appellant bears the burden of presenting an adequate appellate record and generally we will not remand a case to correct a deficiency the appellant should have remedied. *Barnes* v. *Barnes,* 190 Conn. 491, 493–94, 460 A.2d 1302 (1983). Where the basis of the trial court's decision is unclear, proper utilization of the motion for articulation serves to dispel any ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision. Id., 494. The defendant could have requested such clarification by moving for articulation pursuant to Practice Book § 3082, but it did not. On examination of the record, we can find no basis upon which to conclude that the

trial court abused its discretion in denying the defendant's motion to open and set aside the judgment.

We have already stated that in order to set aside a judgment passed upon default, there must be a showing that: (1) a good defense existed at the time judgment was rendered; and (2) the party seeking to set aside the judgment was prevented from appearing because of mistake, accident, or other reasonable cause. *Costello* v. *Hartford Institute of Accounting, Inc.,* 193 Conn. 160, 167, 475 A.2d 310 (1984). "Since the conjunctive 'and' meaning 'in addition to' is employed between the parts of the two prong test, both tests must be met." Id.

In support of the second part of the test, the defendant claims that it was prevented from appearing at the hearing because of its inability to communicate with its attorney, Mr. Sherwood, due to his hospitalization. Yet, there was no evidence to indicate that the defendant, after receiving notice of the hearing on November 8, 1979, made any attempt to contact Mr. Sherwood other than by mailing the notice of the hearing to his office. Due to the long holiday weekend, the notice was not received until the afternoon of November 13, 1979, the day of the hearing. At that point, however, it was too late for the defendant's attorney to prevent the default, irrespective of the fact of his hospitalization. There was testimony from the president of the defendant corporation that the corporation used four different attorneys at various times, all of whom were located in Hartford. Additionally, the secretary and director of the defendant corporation was an attorney. In light of this evidence, the trial court could have reasonably concluded that the defendant's failure to appear was due either to indifference or inattention or both. Negligence is no ground for vacating a judgment, and it has been consistently held that the denial of a motion to open a default judgment should not be held an abuse

of discretion where the failure to assert a defense was the result of negligence. *Kaplan & Jellinghaus* v. *Newfield Yacht Sales, Inc.,* 179 Conn. 290, 293, 426 A.2d 278 (1979).

Even if we were to assume, arguendo, that a basis for a finding of reasonable cause for the defendant's failure to appear was furnished, a deficiency remains because the defendant did not offer any evidence in support of the first part of the test, that a good defense existed at the time the judgment was rendered. On a motion to open the moving party must not only "allege," but must also make a "showing" sufficient to satisfy the requirements of § 52-212. *Eastern Elevator Co.* v. *Scalzi,* 193 Conn. 128, 133–34, 474 A.2d 456 (1984). Other than a bald assertion in its motion to open and the accompanying affidavit, that a valid and justifiable defense existed, there is absolutely no evidence in the record concerning the nature of any such defense. Consequently, the trial court could make no finding as to the validity of the defense. Where it appears, as it does here, that the defendant did not present a defense that existed at the time of the rendition of the judgment, the trial court's denial of the motion to open was proper. Id., 134. On this record, we hold that the trial court did not abuse its discretion in denying the defendant's motion to open and set aside the judgment.

There is no error.

In this opinion the other judges concurred.