[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO MOTION TO SET ASIDE DEFAULT JUDGMENT, (#107)
ISSUE
Whether the court, may, in its discretion, grant the defendant's motion to set aside the default judgment.
FACTS
The following facts are based on the pleadings in the record. The plaintiff, Middlesex Mobil Redemptions, Inc., commenced this action by causing process to be served on the agent for service of process of the defendant corporation, Shop-Rite Supermarkets, Inc., on December 4, 1991. On February 10, 1992, the plaintiff filed a motion for default for failure to appear. This motion was granted by the clerk and notice was CT Page 6055 sent to the defendant on February 19, 1991. On April 23, 1992, a hearing in damages was held and the court, Austin, J., rendered a judgment for the plaintiff in the amount of $125,774.30 plus costs. On May 19, 1992, the defendant filed an appearance and the present motion to set aside the default judgment.
DISCUSSION
 The power of a court to set aside a nonsuit judgment is controlled by [General Statutes] 52-212. Pantlin Chananie Development Corporation v. Hartford Cement Bldg. Supply Co., 196 Conn. 2333, 234-35, 492 A.2d 159 (1985); [citations omitted]. The statute provides that any judgment rendered upon a nonsuit may be set aside upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action in whole or in part existed at the time of the rendition of the judgment and that the plaintiff was prevented by mistake, accident or other reasonable cause from prosecuting the action. It is thus clear that there is a two-pronged test for setting aside a judgment rendered after a nonsuit. [Citation omitted]. There must be a showing (1) that a good cause of action, the nature of which must be set forth, existed at the time judgment was rendered, and (2) that the plaintiff was prevented from prosecuting the action because of mistake, accident or other reasonable cause. General Statutes 52-212; Practice Book 377; Pantlin Chananie Development Corporation v. Hartford Cement Bldg. Supply Co., supra, 235.
 . . . [W]e have long held that negligence is no ground for vacating a judgment, and that the denial of a motion to open a nonsuit judgment should not be held an abuse of discretion where the failure to prosecute the claim was a result of negligence. [Citations omitted.]
. . . .
 . . . [N]ot all deviations from ideal performance constitute negligence, and . . . a limited class of deviations may be excusable because they were the result of "mistake, accident or other reasonable cause." General Statutes 52-212. In those cases, a trial court may exercise its discretion and set aside a judgment of nonsuit.
CT Page 6056
Jaconski v. AMF, Inc., 208 Conn. 230, 237-39, 543 A.2d 728
(1988).
Negligence, for the purpose of motions to open pursuant to General Statutes 52-212, has been defined as the "`lack of due diligence or care.' Ballentine's Law Dictionary, (3ed.) p. 840." Cruz v. Marlon Starling Enterprises, Inc.,5 Conn. L. Rptr. 547, 548 (January 29, 1992, Aronson, J.).
The affidavit of James F. Watson, the general counsel of the defendant's parent corporation, Wakefern Food Corp., appended to the motion to set aside the default judgment, indicates that he maintains a log book in which he enters all legal proceedings and that nothing was entered regarding the present action. He also avers that paperwork was served on the defendant's agent for service of process. He also states that on February 14, 1992, he received from the defendant's agent for service of process a copy of the plaintiff's motion for default for failure to appear. He concludes that the delay in responding to the present action "is due to the fact that every single person who was involved with Middlesex Mobil Redemptions, Inc, and its problems with the [defendant], has left or been replaced." He also avers that the defendant has valid defenses or counterclaims to the claims of the plaintiff.
The parties agree that the matter "fell through the cracks" somewhere between the defendant's agent for service, the defendant and the defendant's parent corporation's general counsel. The defendant argues that these circumstances should be held to be excusable neglect and the plaintiff argues that they constitute inexcusable neglect.
The plaintiff notes that certain letters from plaintiff's counsel to the defendant and the defendant's parent corporation's general counsel, entered as exhibits at the hearing in damages, put the defendant on notice of the claim of the plaintiff. These letters, however, predate the commencement of the law suit and, therefore, are not probative of the defendant's neglect in pursuing its defenses or counterclaims.
CONCLUSION
The court, in its discretion, finds that the defendant's failure to pursue its defenses and counterclaims was due to mistake or accident and not due to lack of diligence or due care. As the motion to set aside was timely filed, the court, in its discretion sets aside that default judgment. The plaintiff is, however, entitled to costs pursuant to Practice Book 377. The Defendants Motion to Set Aside the Default Judgment is granted. CT Page 6057
AUSTIN, J.