[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO OPEN JUDGMENT
The defendant has filed a motion to open the judgment against it for $40,000.00 entered September 18, 1992 on the following grounds: (1) the defendant was not properly served at the commencement of the action resulting in no personal jurisdiction for a default judgment against it; and (2) a notice of the default judgment was not sent to the defendant as required by 354 of the Practice Book. The plaintiff claims that the motion to open default is not timely because it was not filed within four months after the judgment as required by 377 of the Practice Book and 52-212 of the General Statutes, both of which also require a defendant to show reasonable doubt that the defendant had a valid defense to the claim and was prevented by mistake, accident or other reasonable cause from making it.
The motion to open the judgment was filed more than four months after the entry of the default judgment on September 22, 1992. Ordinarily the trial court does not have jurisdiction to grant a motion to open a judgment under 377 of the Practice Book or 52-212 of the General Statutes where it is filed more than four months after entry of the judgment. Serrano v. Behar,15 Conn. App. 308, 311. However, for the purpose of computing the four month period for opening a default judgment under52-212, a delay in notifying the defendant of the judgment extends the time in which to file a motion to set aside the judgment. Noethe v. Noethe, 18 Conn. App. 589, 595; DeSimone v. Vitello, 6 Conn. App. 390, 393. In addition, the court has CT Page 5385 inherent authority at any time to open and modify a judgment rendered without jurisdiction. Gallagher v. Gallagher,29 Conn. App. 482-484; Misinonile v. Misinonile, 190 Conn. 132,134-35; Cappossela, Cohen, et al v. Pico,8 Conn. Super. Ct. Rptr. 393 (1993) (Ballen, J.). Even where the court has subject matter jurisdiction over the action, the judgment cannot affect a defendant who had no personal notice to appear, and the judgment can be set aside where the challenge based on lack of personal jurisdiction is made beyond the four month period. General Motors Acceptance Corporation v. Pumphrey, 13 Conn. App. 223,229. Ordinarily a judgment is not binding upon a defendant unless there was a waiver of the opportunity to appear and defend, In re Baby Girl B, 224 Conn. 263, 285, which would not occur if there was no notice of the action. Where the court does not have jurisdiction over the defendant, the judgment is defective as to that defendant, and there is no necessity to consider the two part test for opening judgments under 52-212
of the General Statutes and 377 of the Practice Book namely that: (1) a good defense existed at the time an adverse judgment was rendered; and (2) the defense was not at that time raised by reason of mistake, accident or other reasonable cause. Id., 284, 285; Pantlin Chananie Development Corporation v. Hartford Cement Building Supply Co., 188 Conn. 253, 258.
It is undisputed in this case that service of a copy of the complaint was made upon Rosemary Dudak on October 21, 1991 at the office of Dr. Walter Lucia, 3715 Main Street, Bridgeport, CT. Dudak was employed by Dr. Lucia at the time, but was not an employee of Merritt Medical Center Owner's Corp., which operated Merritt Medical Center at the same business address. Section 52-57(c) designates the persons upon whom of process can be made in an action against a private corporation. Service of the complaint upon Dudak was defective to commence an action against the defendant since she was not an officer or employee of the defendant and a proper person for service of process under the statute. No appearance was filed for the defendant until February 9, 1993, and a motion to open the judgment was filed on February 24, 1993, within thirty days of filing an appearance. Whenever a jurisdictional challenge is brought to the attention of the court it must be resolved. Pantlin Chananie Development Corporation v. Hartford Cement Building Supply Co., supra, 258. Since service of the complaint was defective the court lacked personal jurisdiction of the defendant. This is a valid reason for opening the judgment more than four months after it was entered. CT Page 5386
The other ground assigned by the defendant also has merit. Section 354 of the Practice Book requires notice to the defendant of a judgment after default for failure to appear. Only when a defendant is defaulted for failure to appear for trial may judgment be rendered without notice to the defendant. Skyler Limited Partnership v. S.P. Douthett Co., 18 Conn. App. 245,250, Connecticut National Bank v. Oxenhandler, 30 Conn. App. 541,547, construing Practice Book 364(a). Where there is a delay in notifying the defendant, this extends the four month time limit in which the defendant can move to set aside the judgment. Noethe v. Noethe, supra, 595. Here there is no indication that the defendant ever received notice of the default judgment from the court. Accordingly, the motion to open the default judgment is not barred by the four month rule. The motion to open the judgment states that the defendant contests the plaintiff's claim that the defendant failed to sand or salt the parking lot on which the plaintiff fell and that the defendant denies that the lighting on the parking lot was defective. Since the defendant contests the allegations of negligence in the complaint, that is a defense to the claim sufficient to satisfy the first part of the rule under 377 of the Practice Book and 52-212 of the General Statutes. The second part of the rule is also complied with, since defective service of the complaint was inadequate notice of the plaintiff's claims, which amounted to reasonable cause for the failure of the defendant to appear and defend the action.
The motion to open the judgment is granted.
ROBERT A. FULLER, JUDGE