[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 530
On September 21, 1993, the court, Harrigan, J., entered a default judgment in favor of the plaintiff, Pennie Edmonds, on this action to collect a debt. On December 6, 1993, the defendant, allied [Allied] Controls, Incorporated, filed a motion to open the judgment on default on the ground that the defendant misplaced the original writ, summons and complaint, "and as a result [did] not [forward the papers] onto Defendant's counsel in time to appear on Defendant's behalf." The defendant claims also that it has a good defense to the action that the debt has been partially paid.
On December 8, 1993, the plaintiff filed an objection to the motion to open the default. Both sides have filed memoranda of law.
The defendant's motion to open the judgment on default has been filed within the four month time limitation. Practice Book 377. It is within the court's discretion to grant or deny a timely motion to reopen. Housing Authority v. Lamothe, 225 Conn. 757,767, 627 A.2d 367 (1993); Acheson v. White, 195 Conn. 211,214-15, 487 A.2d 197 (1985).
The party moving to open a judgment of default must show 1) that it had a good defense to the action at the time judgment was entered or that there is reasonable cause to set aside the judgment and 2) that the party "was prevented by mistake, accident or other reasonable cause from . . . appearing." Practice book 377; General Statutes 51-212; see also Pantlin 
Chananie Dev. Corp. v. Hartford Cement, 196 Conn. 233, 240,492 A.2d 159 (1985). A judgment should not be vacated where the party was prevented from appearing because of its own negligence. Pantlin Chananie Dev. Corp. v. Hartford Cement, supra, 235. Failure to notify one's attorney in time to appear in court is not grounds for setting aside a judgment on default. Id., 240.
Accordingly, the court sustains the plaintiff's objection to the defendant's motion to open the judgment on default and denies the defendant's motion to reopen the judgment.
/s/ Sylvester, J. SYLVESTER CT Page 531