[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO OPEN JUDGMENT NO. 122
On August 4, 1993, the plaintiff, Four Square Builders, Inc. ("Four Square"), filed suit against the defendants, Jeffrey H. Robinson, Donna C. Robinson, First Federal Bank ("First Federal") and Goncalo Campos d/b/a Campos Construction ("Campos"), to recover for services, labor and materials allegedly supplied to the Robinsons in connection with Four Square's construction of their home.[1]
On November 30, 1993, Attorney David R. Sirois entered an appearance for the Robinsons. Subsequent to that time, the Robinsons failed to file any pleadings and, on October 12, 1994, the clerk granted Four Square's motions for default for failure to plead against Jeffrey H. Robinson and Donna C. Robinson.
On October 31, 1994, Four Square filed a claim for hearing in damages to the court as to the Robinsons. Four Square's attorney certified that he sent a copy of the hearing claim to the Robinsons' counsel. The Robinsons have not argued that they did not receive notice of the hearing in damages claim. On December 1, 1994, the Robinsons, through new counsel, filed an answer, special defenses and a counterclaim. They did not, however, file a motion to set aside the default. On December 2, 1994, the hearing in damages CT Page 6559 occurred. Neither the Robinsons nor their counsel appeared. The court's records indicate that the Robinsons' counsel received notice of the hearing. On December 5, 1994, the court (Mihalakos, J.) entered judgment for Four Square against the Robinsons in the amount of $21,024.06.
On December 23, 1994, the Robinsons filed a "motion to reopen judgment" and a memorandum of law and affidavit in support thereof. The motion proffers that the judgment should be set aside since the Robinsons filed an answer, special defenses and a counterclaim prior to the hearing in damages. In their memorandum, they cite cases interpreting Practice Book, Sec. 363A as authority. Neither the affidavit nor the memorandum assert any mistake, accident or other reasonable cause that allowed the judgment to enter improperly.
On January 26, 1995, Four Square filed an objection to the Robinsons' motion to open and a memorandum in support thereof, arguing that the controlling law is set forth in Practice Book, Sec. 377 and not Sec. 363A. Further, they argue that the Robinsons have not established that the judgment was entered "by mistake, accident or other reasonable cause."
The opening of a judgment entered after default is controlled by General Statutes, Sec. 52-212(a) and Practice Book, Sec. 377. Section 377 provides that "[a]ny judgment rendered or decree passed upon a default . . . may be set aside . . . upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that . . . thedefendant was prevented by mistake, accident or other reasonablecause from prosecuting or appearing to make the same." (Emphasis supplied.)
"It is thus clear that to obtain relief from a judgment rendered after a default, two things must concur. `There must be a showing that (1) a good defense, the nature of which must be set forth, existed at the time judgment was rendered, and (2) the party seeking to set aside the judgment was prevented from making that defense because of mistake, accident or other reasonable cause. General Statutes, Sec. 52-212; Practice Book, Sec. 377."'Pantlin Chananie Dev. Corp. v. Hartford Cement Bldg. SupplyCo., 196 Conn. 233, 235, 492 A.2d 159 (1985). The movant has the burden of establishing both elements; id., 241; and the motion CT Page 6560 should not be granted if the judgment entered as a result of the movant's negligence. Id., 235. The court has broad discretion in ruling on the motion to open. Id.
With respect to the first requirement that a defense exists, the answer, special defenses and counterclaim filed by the Robinsons satisfies this element.
However, with respect to the second prong, that the judgment has entered as a result of mistake, accident or other reasonable cause, the Robinsons have failed to carry their burden of proof. Nowhere in their affidavit or memorandum filed in connection with the motion do they set forth that the judgment entered as a result of any mistake, accident or other reasonable cause. They argue that by simply filing the answer, special defenses and counterclaim, the judgment must be opened. Further, it should also be noted that despite being notified of the December 2, 1995 hearing in damages, the Robinsons failed to appear to contest the matter.
The Robinsons' argument that they are entitled to relief focuses on Practice Book, Sec. 363A, that provides, in pertinent part, "[i]f a party who has been defaulted under this section files an answer before a judgment after the default has been rendered by the court, the clerk shall [automatically] set aside the default. If a claim for a hearing in damages or a motion for judgment has been filed the default may be set aside only by the court." The latter clause applies in this case since the claim for a hearing in damages was filed prior to the Robinsons' filing of their answer.
However, in order for the Robinsons to take advantage of the second clause of section 363A, they were required, prior to the entry of judgment, to file a motion to set aside the default for failure to plead. See Rogozinski v. American Food ServiceEquipment Corporation, 34 Conn. App. 732, 740, 643 A.2d 300, cert. denied, 231 Conn. 910, 648 A.2d 156 (1994) (discussing a "motion to set aside a default for failure to plead pursuant to [the second clause of] Sec. 363A . . .") (emphasis supplied). It is axiomatic that in order for a litigant to be granted relief by the court, it must first file a motion. See Practice Book, Secs. 196, 197; see also Hallenbeck v. St. Mark the EvangelistCorporation, 29 Conn. App. 618, 625, 616 A.2d 1170 (1992) (where a statute or court rule indicates that a court "must take some form of action"a motion is required). This they failed to do. CT Page 6561
In the present case, the Robinsons failed to move the court to set aside the default prior to the entry of judgment in favor of Four Square. In addition, the Robinsons' "motion to reopen judgment" fails to demonstrate that the judgment entered by "mistake, accident or other reasonable cause." Pantlin ChananieDev. Corp. v. Hartford Cement Bldg. Supply Co., supra,196 Conn. 235, 241. Based on the foregoing, the Robinsons have failed to prove the second element of opening the judgment, mistake, accident or other reasonable cause, a condition precedent to the relief they are seeking.
Therefore, the court denies the Robinsons' "motion to reopen judgment."
Stodolink, J.