[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action on a promissory note executed by the defendant's decedent. On March 31, 1995, the plaintiff filed an application for a prejudgment remedy with the court together with an order for hearing and notice. The assistant clerk signed the order and designated that a hearing would be held on the application on April 10, 1995, that service be made on the defendant on or before April 4, 1995 and that return of service be made to the court on April 7, 1995. Service was made on the defendant on April 3, 1995. On April 10, 1995, the court held a hearing and granted the plaintiff's application. The order authorizing the prejudgment remedy purported to allow the plaintiff to attach to the value of $35,000.00 real property of the decedent.
The defendant did not appear at the hearing.[1]
On July 21, 1995, an attorney filed an appearance for the defendant and, on August 18, 1995, made a request for a hearing on the form (JD-CV-53) entitled "NOTICE OF APPLICATION FOR PREJUDGMENT REMEDY/CLAIM FOR HEARING TO CONTEST APPLICATION OR CLAIM EXEMPTION". The defendant checked the boxes on the form signifying that she claims "a defense, counterclaim, set-off, or exemption" CT Page 10352 and "that the amount sought in the application for prejudgment remedy is unreasonably high."
An order granting or denying a prejudgment remedy after a hearing is accorded a certain degree of finality under the law. General Statutes § 52-278l; see Srager v. Koenig, 36 Conn. App. 469
(1994); Ahlers v. Russo, Superior Court, JD of New London, DN. 520385 11 Conn. L. Rptr. 373 (1994). The defendant waived her right to contest that attachment by not doing so on the date on which, as she was notified, a hearing was held, nor indeed for several months thereafter. Cf. Pantlin and Chanante Development Corp. v. HartfordCement and Bldg. Supply Co., 196 Conn. 233, 240, 492 A.2d 159
(1985) (negligence of party not grounds for vacating a judgment). General Statutes § 52-278e(d), on which the defendant relies, applies only to prejudgment remedies granted without a hearing and is, therefore, inapplicable here.[2]
Nor may the defendant successfully invoke General Statutes §52-278k. That statute provides in relevant part: "The court may, upon motion and after hearing, at any time modify or vacate any prejudgment remedy granted or issued under this chapter upon the presnetation [presentation] of evidence which would have justified such court in modifying or denying such prejudgment remedy under the standards applicable at an initial hearing."[3] This statute confers very broad power on the trial court to "vacate any prejudgment remedy granted . . . under this chapter. . . ." (Emphasis added.) The use of the word "may" in the statute connotes that the exercise of that broad power is discretionary. Rosick v. Equipment Maintenance Service,Inc., 33 Conn. App. 25, 34, 632 A.2d 1134 (1993). Especially since an order pursuant to General Statutes § 52-278k is not appealable pursuant to General Statutes § 52-278l; Gibbs v. Mase, 11 Conn. App. 289,293, 526 A.2d 7 (1987); the court will not afford the relief sought where the moving party failed without reasonable excuse even to attend the hearing that was afforded her. Pantlinand Chanante Development Corp. v. Hartford Cement and Bldg. SupplyCo., supra, 196 Conn. 240.
It does appear that the prejudgment remedy of attachment may have been improvidently granted against the real property which was identified as that of the decedent where the only defendant was the decedent's executrix. "It has long been well settled law that an administrator does not have title to real property but that title passes to the heirs subject to the right of administration. Brillv. Ulrey, 159 Conn. 371, 375, 269 A.2d 262 (1970); O'Connor v.Chiascione, 130 Conn. 304, 306-08, 33 A.2d 336 (1943). Claydon v.CT Page 10353Finizie, 7 Conn. App. 522, 524, 508 A.2d 840 (1986)." (Internal quotation marks omitted.) Tax Collector v. Miley, 34 Conn. App. 634,639 (1994). The court expresses no opinion as to whether such an heir would be entitled to intervene and make an application to vacate the court's order pursuant to General Statutes § 52-278k.
The defendant's request for a hearing is denied.