[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO OPEN JUDGMENT (#830) PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION (#833)
On January 26, 1998, the defendants, AIU Insurance Company (AIU) and American International Adjustment Co. (AIAC), filed a motion to open judgment rendered by the court (Hendel, J.) in favor of the plaintiffs. This court will not endeavor to undertake a recantation of the complex and voluminous history in the present matter and will state only that background relevant to resolve the defendants' motion.
On July 31, 1995, the court (Hurley, J.) entered a disciplinary default against the defendants for their failure to comply with the court's discovery orders. The defendants vigorously and unsuccessfully contested the entry of the default by way of motions to reopen and motions to reargue. The plaintiff claimed the matter to a hearing in damages which commenced on August 5, 1997. The court (Hendel, J.) accepted and ordered recorded the jury's verdict on August 12, 1997. On January 8, 1998, after various hearings on statutory damage awards and post verdict motions, the court entered judgment for the plaintiff in the amount of $1,592,320.80.
The defendants move that the judgment upon default be set aside on the grounds that "[t]here exists reasonable cause for . . . opening the judgment of default as the defendants were prevented by mistake, accident or other reasonable cause from making their defense in that the entry of the default on July 31, 1995, by the court . . . as well as subsequent rulings concerning the default, were made upon an erroneous factual basis, lack of an opportunity to be heard, and were prejudicial to the defendants resulting in great injustice . . ."[1] The plaintiff objects to the defendants' motion on the grounds that "the law of the case prevents the defendants from attempting to relitigate the entry of the default" and because "the defendants cannot show both reasonable cause and that [the defendants] were prevented by mistake, accident, or other reasonable cause from presenting their defense". CT Page 12073
To begin, the plaintiff insists that the law of the case doctrine precludes the defendants from pursuing their motion to open the judgment. The plaintiff argues that the facts underlying the default "are established as the law of the case" and, therefore, the defendants cannot now seek to open the judgment "on the grounds that [the] Court was wrong all along [and] that the Court's entry of default was based on an erroneous factual predicate."
The defendants argue that if the plaintiff's contentions are correct, then the provisions of General Statutes § 52-212[2]
and Practice Book § 377, now Practice Book (1998 Rev.) § 17-43[3], would be rendered "meaningless". Further, the defendants claim that the law of the case doctrine should not be applied rigidly since "manifest injustice will result to these defendants"; the defendants, therefore, urge this court to "exercise its own judgment in ruling on the propriety of the judgment of default."
This court disagrees with the parties and finds the law of the case doctrine inapplicable because the instant motion addresses a final judgment and not an interlocutory order.
"The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situation in which it may be invoked." (Internal quotation marks omitted.) Carothers v. Capozziello, 215 Conn. 82,107, 574 A.2d 1268 (1990). While "[t]he law of the case [doctrine] expresses the practice of judges generally to refuse to reopen what has been decided . . . it is not a limitation on their power . . ." (Internal quotation marks omitted.) Lewis v.Gaming Policy Board, 224 Conn. 693, 697, 620 A.2d 780 (1993). Generally, courts may only invoke the law of the case doctrine to examine a previous ruling if that review concerns aninterlocutory order and the law of the case doctrine has no application to a final judgment. Breen v. Phelps, 186 Conn. 86,98-99, 439 A.2d 1066 (1982). "There is a clear distinction between a default, sometimes loosely referred to as a judgment of default, and a judgment upon default. A default is not a judgment. It is an interlocutory order of the court, the effect of which is to preclude the defendant from making any further defense in the case so far as liability is concerned. A judgment upon default, on the other hand, is the final judgment in the case which is entered after the default and after a hearing in damages." Esposito v. Pinecrest Country Club, Inc.,24 Conn. Sup. 81, 82, 186 A.2d 822 (1962). CT Page 12074
Even if the law of the case doctrine applied, precedent instructs that "[a] judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge. . . Judge shopping is not to be encouraged and a decent respect for the views of his brethren on the bench is commendable in a judge." (Citations omitted.) Breenv. Phelps, supra, 186 Conn. 99-100. Nonetheless, since the provisions of Practice Book § 377, now Practice Book (1998 Rev.) § 17-43 and General statutes § 52-212, permit a court to open a final judgment, this court will consider the motion.
The decision to grant or deny "a motion to set aside a judgment rendered upon default must be grounded upon General Statutes § 52-212 and certain rules which have been long recognized. The statute provides that any judgment rendered upon default may be set aside within four months upon the complaint or written motion of any person prejudiced thereby, showing reasonable cause, or that a good defense in whole or in part existed at the time of rendition of such judgment and that the defendant was prevented by mistake, accident or other reasonable cause from appearing to make the same. Practice Book § 377 [now Practice Book (1998 Rev.) § 17-43] contains similar language. It is thus clear that to obtain relief from a judgment rendered after a default, two things must concur. `There must be a showing that (1) a good defense, the nature of which must be set forth, existed at the time judgment was rendered, and (2) the party seeking to set aside the judgment was prevented from making that defense because of mistake, accident or other reasonable cause. . .'" (Citations omitted.) Pantlin ChananieDevelopment Corp. v. Hartford Cement, 196 Conn. 233, 234-35,492 A.2d 159 (1985). See also Biro v. Hill, 231 Conn. 462, 466-67,650 A.2d 541 (1994); Jaconski v. AMF, Inc., 208 Conn. 230, 237,543 A.2d 728 (1988); Costello v. Hartford Institute ofAccounting, Inc., 193 Conn. 160, 167, 475 A.2d 310 (1984); A.Secondino Son., Inc. v. LoRicco, 19 Conn. App. 8, 13,561 A.2d 142, aff'd on other grounds, 215 Conn. 336, 576 A.2d 464 (1989). The motion may be granted ouly if the court finds mistake, accident or other reasonable cause under General Statutes § 52-212. Jaquith v. Revson, 159 Conn. 427, 431, 270 A.2d 559
(1970). "[T]he orderly administration of justice requires that relief be denied unless the moving party alleges and shows [mistake, accident or other] reasonable cause for relief under CT Page 12075 the statute." (Emphasis added.) Id., 431-32.
As previously noted; see n. 1, supra; the defendants filed an affidavit in support of the motion to open the judgment. Contained within that affidavit are defenses to liability which the defendants argue satisfy a finding that the first prong of the test under Practice Book § 377, now Practice Book (1998 Rev.) § 17-43, has been met.
This court does note, however, that after the default entered, the defendants failed to file any notice of defenses. "Normally a default conclusively presumes liability. . . Pursuant to Practice Book § 367 [now Practice Book (1998 Rev.) § 17-34], a defaulted defendant who files a timely notice of defenses can contradict the allegations of the complaint and prove matters in defense in addition to contesting the amount of damages." (Citation omitted.) Whalen v. Ives,37 Conn. App. 7, 20, 654 A.2d 798, cert. denied, 233 Conn. 905,657 A.2d 645 (1995).[4] See also, Travelers Indemnity Co. v. Rubin,209 Conn. 437, 445, 551 A.2d 1220 (1988); Baldwin v. HarmonyBuilders, Inc., 31 Conn. App. 242, 244, 624 A.2d 393 (1993);Ratner v. Willametz, 9 Conn. App. 565, 579, 520 A.2d 621 (1987). Upon thorough examination of the entire file, the court was unable to find a filing of notice of defenses by the defendants.
To be permitted to present defenses in an effort to mitigate damages at a hearing in damages, "the defendant must act within ten days of notice of default in all actions where there may be a hearing in damages . . . Practice Book § 368 [now Practice Book (1998 Rev.) § 17-35]. A party who allows the ten-day period from the notice of a default to expire without filing a notice of defenses does so at his peril." (Internal quotation marks omitted; emphasis in original.) Whalen v. Ives, supra,37 Conn. App. 20.[5]
Again, in the present case, after the default entered in July, 1995, the defendants were required to file a notice of defenses to preserve the right to maintain any defense to the plaintiff's allegations. The ten-day period for filing that notice passed long ago. Thus, the defendants cannot now claim that "a good defense . . . existed at the time judgment was rendered"; Pantlin Chananie Development Corp. v. HartfordCement, supra, 196 Conn. 235; because no notice of defenses had,196 Conn. 235; because no notice of defenses had been filed at the time the court rendered that judgment. See alsoA. Secondino Son, Inc. v. LoRicco, supra, 19 Conn. App. 13. CT Page 12076 This court finds, therefore, that the defendants fail to meet the first requirement under General Statutes § 52-212 and Practice Book § 377, now Practice Book (1998 Rev.) § 17-43, and are not entitled to relief from the judgment upon default.
Even if the defendants had a good defense which existed at the time the default entered, they misinterpret the standard by which a showing is made pursuant to General Statutes § 52-212
and Practice Book § 377, now Practice Book (1998 Rev.) § 17-43. The defendants' argument focuses on whether or not the court, when it entered the default in July, 1995, was somehow mistaken as to the facts surrounding whether the defendants did or did not comply with the court's order.[6] The standard that the defendants must meet, however, is whether the defendants should be excused because of some mistake, accident or other reasonable cause, made by these defendants, not a mistake made by the court. See Jaconski v. AMF, Inc., supra, 208 Conn. 230, 237-30
and cases cited therein.
It is unquestioned that courts are permitted to default parties who do not comply with court orders. Practice Book § 351, now Practice Book (1998 Rev.) § 17-19.[7] See alsoConnecticut National Bank v. Investors Capital Corp. ,29 Conn. App. 48, 54-55, 613 A.2d 1370 (1992). The defendants in the present action may chose to file an appeal to contest the propriety of the court's entry of the default; Practice Book § 4000, now Practice Book (1998 Rev.) § 61-1.[8] See also Ruddock v. Burrowes, 243 Conn. 569, 571 n. 4, 706 A.2d 967
(1998); but now that judgment upon that default has entered, the defendants cannot utilize a motion to open to contest the very reasons that the default entered. This court finds such a use of the motion to open a judgment improper.
The defendants argue in the alternative that their noncompliance with the court's orders which resulted in the entry of the default "was neither intentional, dilatory or negligent"; but, instead their "failure to comply resulted from a mistake in their interpretation of the Court's . . . order". The defendants' argument is unpersuasive because "[a]n order of the court must be obeyed until it has been modified or successfully challenged. . . When an order has been entered, [parties are] not faced with the uncertainty of forecasting whether [their] conception of [the order] conform's with the trial court's view. A party is presumed to be aware of the rules of practice and thus CT Page 12077 to know that disobedience of a court order may result in a [default] under [Practice Book § 351, now Practice Book (1998 Rev.) § 17-19]." (Citation omitted.) Jaconski v. AMF, Inc.,supra, 208 Conn. 234-35. See also Ruddock v. Burrowes, supra,243 Conn. 575-76.
The defendants rely on 2500 SS Limited Partnership v. White, Superior Court, judicial district of Fairfield, Docket No. 328934 18 CONN. L. RPTR. 315 (December 3, 1996, Levin, J.), to support their argument that a misinterpretation of a court's order may be a ground to open a judgment upon a default, but that case is distinguishable. In 2500 SS Limited Partnership, the court granted a motion to open an interlocutory order of default, not, as in the present case, a final judgment of default. In that case, the court found that the mistake was reasonable. Id. Given the procedural history of this case, the court declines to find that the singular failure to comply with a court order described in 2500 SS Limited Partnership
is analogous to the instant matter.
Finally, the defendants argue that the recent case of Higginsv. Karp, 243 Conn. 495, 706 A.2d 1 (1998), instructs that other factors beyond the existence of any mistake or accident may be considered. The defendants' reliance on Higgins v. Karp is misplaced because that case also addressed a circumstance in which the defendants were defaulted as an interlocutory matter.Id., 498-99.
For all of the reasons stated herein, this court finds the defendants have failed to meet their burden demonstrating a mistake, accident or other reasonable cause which would satisfy the requirements of General statutes § 52-212 and Practice Book § 377, now Practice Book (1998 Rev.) § 17-43.
Accordingly, the defendants' motion to open the judgment is denied. The plaintiff's objection to that motion is sustained.
Martin, J.