[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO REOPEN NON-SUIT (#113)
The adjudication of this motion is governed by § 52-212 of the General Statutes and the decision of our Supreme Court in Pantlin Chananie Development Corporation v. Hartford Cement BuildingSupply Company, 196 Conn. 233, 234-235 (1985). Applying the principles set forth in that case this court finds that neither the plaintiff's motion nor his accompanying affidavit satisfy the requirements embodied in these principles. First, neither document addresses in any way the requirement that there be a showing that a good cause of action existed at the time judgment was rendered, nor is there in either document a statement of the nature of that cause of action. Second, the plaintiff has failed to show that there was reasonable cause for his failure to appear for trial or that he was prevented from doing so by accident or mistake.
The plaintiff claims (paragraph 11) "that he received no notice regarding this case" and yet at paragraph 13 he acknowledges that a continuance of one of his two cases was necessary because he "assumed" that the apparent overlappage in trial dates between this case and Berry v. Knight CV96-0334393 would have been "dealt with administratively".
The court concludes that the claim of lack of notice is not credible.
Once an order has been issued by the court requiring a party to appear for trial on a given date, the party is not at liberty to make an assumption that the case will not be reached, thereby obviating his appearance. Noone is excused from compliance with a court scheduling order unless it has been modified, vacated or successfully challenged through, for example, the vehicle of a motion for continuance. Jaconski v. AMF, Inc. 208 Conn. 230, 235
(1998).
The prospect that a case will not be reached for trial on its assigned date or during its week certain does not excuse a party from appearing on the date assigned, for many other matters may CT Page 4639 be addressed by the court with the parties, i.e. settlement discussions, compliance or lack thereof with the trial management order, open discovery etc.
The plaintiff has failed to satisfy the requirements so as to entitle him to an order setting aside the judgment of non suit and so the motion to reopen non suit is denied.
BY THE COURT,
Mottolese, Judge