ASGROW SEED COMPANY *v.* DONALD S. WAGNER
(5572)

SPALLONE, STOUGHTON and O'CONNELL, Js.

Submitted on briefs September 28—decision released November 10, 1987

*John Andrew Kissel* filed a brief for the appellant (defendant).

*Alan J. Barth* filed a brief for the appellee (plaintiff).

O'CONNELL, J. This is an appeal from the trial court's granting of the plaintiff's motion for summary judgment in an action for collection of a commercial debt. We find error and remand the case to the trial court to reconsider the motion for summary judgment in light of an affidavit opposing the motion which was timely filed, but mistakenly excluded from the case file at the time the trial court rendered judgment on the motion.

The facts of the case are straightforward. The plaintiff, Asgrow Seed Company, filed suit against the defendant, Donald S. Wagner, alleging an unpaid balance of $9972.50 due on purchases by the defendant of certain seeds and related agricultural products. After the pleadings were closed, the plaintiff moved for summary judgment and filed an affidavit of the plaintiff's "credit specialist," an accompanying statement of the status of the defendant's account and a memorandum in support of his motion. In response, on Friday, October 3, 1986 the defendant filed a counteraffidavit opposing the motion.[1]

The motion was decided as a nonarguable matter on the short calendar docket on Monday, October 6, 1986. At that time, the counteraffidavit had not yet been added to the file.

Ordinarily, a moving party's motion for summary judgment may be granted whenever it appears that there is no genuine issue of material fact remaining between the parties and that as a matter of law the moving party is entitled to judgment. Practice Book § 384; *Lehto* v. *Sproul,* 9 Conn. App. 441, 443, 519 A.2d 1214 (1987). Given the state of the file at the time the trial court reviewed it on Monday, October 6, the plaintiff appeared to be entitled to summary judgment. In

---

[1] Practice Book § 380 provides in relevant part: "The adverse party *prior to the day the case is set down for short calendar* shall file opposing affidavits and other available documentary evidence." (Emphasis added.)

addition, the absence of an opposing affidavit permitted the trial court to draw an inference that the defendant could not oppose the facts set forth in the plaintiff's affidavit. *Maislin* v. *Lawton,* 30 Conn. Sup. 593, 595, 314 A.2d 783 (1973).

Under the true status of the case at that time, however, the plaintiff was not entitled to judgment on the basis of the defendant's failure to file a counteraffidavit.

The trial court later took no action to modify its decision although it learned of the counteraffidavit before this appeal was perfected.[2] In view of the chronology of this case, the timely filed counteraffidavit was never considered on its merits. It should have been considered.

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.

---

[2] The trial court's articulation dated January 9, 1987, recognized the existence of the counteraffidavit.