A. SECONDINO AND SON, INC. *v.* ANTHONY LoRICCO
(6492)

SPALLONE, O'CONNELL and NORCOTT, Js.

Argued February 17—decision released July 4, 1989

*Raymond A. Garcia,* for the appellant (defendant).

*Richard B. Cramer,* for the appellee (plaintiff).

O'CONNELL, J. This is the defendant's appeal from a judgment granting foreclosure by sale of a mechanic's lien. The defendant claims that the trial court erred (1) in permitting the amount of damages to be established by an affidavit of debt, (2) in rendering judgment without a prior hearing in damages, (3) in denying his motion to set aside the judgment, (4) in denying the defendant's motion to make Richard A. LoRicco a party defendant, and (5) in awarding the plaintiff attorney's fees. We find no error.

The following facts are relevant to this appeal. On September 29, 1986, the plaintiff commenced foreclosure of a mechanic's lien on a commercial building owned by the defendant. Following numerous mesne pleadings, the court ordered the defendant to file an

answer by April 30, 1987. When the defendant failed to do so, the plaintiff moved, pursuant to Practice Book § 351, that the defendant be defaulted for failure to comply with the court's order. That motion was granted on June 8, 1987, and, on June 10, 1987, notice of the default was mailed to counsel of record.

On June 22, 1987, the defendant moved to set aside the default. He claimed that, in rendering the default, the court was not aware that the defendant had filed an objection to the plaintiff's motion for default because it had not been placed in the court file at the time the court had considered the plaintiff's motion. The court heard the defendant's motion to set aside the default on July 6, 1987, "took the papers," and denied it later that day.

Prior to the July 6, 1987 hearing, the plaintiff had filed a motion for judgment of strict foreclosure. Upon receiving notice of the court's denial of his motion to set aside the default, the defendant objected to the foreclosure and sought to reargue the default entered against him. After a hearing on July 27, 1987, the court overruled the defendant's objection and denied the motion to reargue. On October 5, 1987, it rendered judgment of foreclosure by sale and awarded the plaintiff attorney's fees and costs.

On October 23, 1987, the defendant moved to set aside the judgment of foreclosure by sale. In that motion, he again challenged the default entered against him. In addition, he claimed that the court erred in failing to conduct a hearing in damages prior to rendering the judgment of foreclosure and in awarding attorney's fees to the plaintiff. The trial court denied the relief sought and this appeal followed.

I

The defendant's first claim is that the trial court erred in allowing the amount due to be established by an affi-

davit of debt. Practice Book § 364 (b) allows proof of damages by affidavit of debt in foreclosure cases in which the debt is liquidated. He raises a question as to whether his debt was liquidated.

The facts of the present case are similar to those in *Costello* v. *Hartford Institute of Accounting, Inc.*, 193 Conn. 160, 475 A.2d 310 (1984). There, as here, the trial court defaulted the defendant and rendered judgment against him based on an affidavit of debt submitted by the plaintiff for the cost of maintenance and repair work that it had performed and that the defendant failed to pay.

In response to the defendant's claim that he was entitled to a hearing in damages because the debt was not liquidated, the *Costello* court found that the defendant had been informed by repeated billings of the amount claimed by the plaintiff during the course of the proceedings. His failure to respond caused the debt to become liquidated within the meaning of § 364 (b), notwithstanding the parties' failure to come to an agreement during their initial discussions concerning the exact amount due. Id., 166.

"When a debtor knows precisely how much he is to pay and to whom he is to pay it, his debt is a liquidated one." Id., 165. As in *Costello*, the defendant in the present case was aware of the amount claimed by virtue of its recitation in the lien and in the complaint. Furthermore, the plaintiff furnished a detailed breakdown of the itemized costs and expenses in response to an interrogatory. If a claim is for an amount certain or " 'susceptible of being made certain in amount by mathematical calculations from factors which are or ought to be in the possession or knowledge of the party to be charged' " it is a liquidated debt. Id.; *Perri* v. *Cioffi*, 141 Conn. 675, 678, 109 A.2d 355 (1954).

Under the circumstances of this case, we have no difficulty concluding that the amount claimed by the plaintiff for materials furnished and services rendered in the construction and renovation of the defendant's commercial building falls within the definition of a liquidated debt as set forth in *Costello*. Accordingly, the trial court did not err in allowing the amount due to be established by an affidavit of debt.

## II

The defendant next claims that the court erred by rendering a judgment of foreclosure without a prior hearing in damages. The short answer to this claim is that the procedure followed here is expressly sanctioned by Practice Book § 364 (b) which provides in pertinent part that "the court, at the time it renders the default, may also render judgment in foreclosure cases . . . provided the plaintiff has also made a motion for judgment and provided further that any necessary affidavit of debt or accounts or statements verified by oath, in proper form, are submitted to the court." The effect of this section is to substitute the affidavit of debt for a hearing in damages in appropriate cases.

Here, the plaintiff made a motion for judgment, and its affidavit of debt was in proper form. Nothing more was required to authorize the court to follow the procedure set forth in Practice Book § 364 (b). This claim is meritless.

## III

The defendant next claims that the trial court erred in denying his motion to set aside the judgment of foreclosure rendered upon a default. General Statutes § 52-212 furnishes the authority for granting the relief the defendant contends he deserves. It provides in pertinent part that any judgment rendered upon a default "may be set aside . . . upon the complaint or writ-

ten motion of any party . . . showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment . . . and that the . . . defendant was prevented by mistake, accident or other reasonable cause from making the defense."

To qualify under § 52-212, the movant must meet a two-prong test: (1) there must be a showing that a good defense, the nature of which must be set forth, existed at the time judgment was rendered; and (2) the party seeking to set aside the judgment had to have been prevented from making the defense because of mistake, accident or other reasonable cause. *Cholewinski* v. *Conway,* 14 Conn. App. 236, 241, 540 A.2d 391 (1988). The decision to grant or deny this relief rests within the trial court's discretion. Id.

The defendant argued vigorously that he had several defenses to assert that he had set forth in a "Notice as to Hearing in Damages" filed on July 16, 1987, after he was defaulted. This "notice" was in the file and we will presume that the trial court was aware of the contents of the file. See *Brookfield* v. *Candlewood Shores Estates, Inc.,* 201 Conn. 1, 5–7, 513 A.2d 1218 (1986). We are satisfied that the trial court was apprised of the defendant's defenses and apparently was not persuaded that they met the first prong of showing that a good defense existed.

Turning to the second prong, the defendant again raises the claim that the court did not have the benefit of his objection when it rendered the default because it had not yet been placed in the court file. The record discloses that the defendant informed the court of this situation during argument on his motion to set aside the default. Because the court distinctly stated that it would decide the matter on the papers, we are satisfied that the court reviewed the defendant's objection

and gave it the proper weight even though it ultimately ruled against him. Until the contrary is shown, the law presumes that judges have acted in accordance with the law. We do not presume error. *Brookfield* v. *Candlewood Shores Estates, Inc.*, supra, 7. This is not a case where the court refused to reconsider its prior decision in light of a previously missing document. See *Asgrow Seed Co.* v. *Wagner,* 12 Conn. App. 547, 548–49, 532 A.2d 1305 (1987). Moreover, by virtue of the defendant's argument on his motion to set aside the foreclosure and his several other rearguments concerning the default, the court was well aware of his reasons for failing to comply with its order to file an answer and thus had a basis to determine that it was not the result of mistake, accident or other reasonable cause.

In view of the record before it, the trial court did not abuse its discretion in denying the defendant's motion to set aside the foreclosure judgment.

IV

The defendant's next claim is that the court erred in denying the application of attorney Richard A. LoRicco to be made a party defendant. Whether to allow the addition of a party to pending legal proceedings generally rests in the sound discretion of the trial court. *Lettieri* v. *American Savings Bank,* 182 Conn. 1, 13, 437 A.2d 822 (1980); *Christ-Janer* v. *A.F. Conte & Co.,* 8 Conn. App. 83, 90, 511 A.2d 1017 (1986). Factors to be considered include the timeliness of the application, the possibility of prejudice to the other party and whether the applicant's presence will enable the court to make a complete determination of the issues. *Lettieri* v. *American Savings Bank,* supra.

In determining whether the trial court abused its discretion, we note that it had the following facts available for its consideration: (1) the application to be made

a party had been so recently filed that it was not on the printed short calendar on October 5, 1987 when the defendant asked the court to rule on it,[1] (2) a motion for foreclosure was before the court at that time, (3) the action had been pending for twelve months, (4) the "new party" was an attorney who had previously had an appearance in the case representing the defendant, and (5) the "new party" was the defendant's son. These considerations raise a strong inference that the application was filed solely for the purpose of delay.

We are not convinced that the entry of the defendant's son as a party would have enabled the court to make a more complete determination of the issues than would have been possible without his entry. On the other hand, we are convinced that the plaintiff, who has had every motion for judgment frustrated by an eleventh hour motion from the defendant, would be prejudiced if the application was granted. Hence, the court did not abuse its discretion in denying Richard A. LoRicco's application to be made a party defendant.

## V

The defendant's final claim of error is that the court erred in awarding attorney's fees to the plaintiff. Connecticut case law follows the general rule, frequently referred to as the "American Rule," that attorney's fees are not allowed to the prevailing party as an element of damage unless such recovery is allowed by statute or contract. *Marsh, Day & Calhoun* v. *Solomon*, 204 Conn. 639, 652–53, 529 A.2d 702 (1987). General Statutes § 52-249 (a)[2] succinctly and unambiguously pro-

---

[1] The trial court at first declined to rule on the application on the grounds that it was not properly before it. Practice Book § 206. It subsequently denied the application.

[2] General Statutes § 52-249 provides in pertinent part: "COSTS AND ATTORNEY'S FEES IN ACTIONS FOR FORECLOSURE. (a) The plaintiff in any action of foreclosure of a mortgage or lien, upon obtaining judgment of foreclosure, when there has been a hearing as to the form of judgment or the limitation of time for redemption, shall be allowed the same costs, including a reasonable attorney's fee, as if there had been a hearing on an issue of fact."

vides for the allowance of attorney's fees in actions for foreclosure of mortgages or liens.

The defendant asks us to examine the statute's legislative history and thereby arrive at a construction that would support his claim of error. We decline to do so. Courts will look to legislative history as an aid to construction only if the statute is ambiguous. *Capalbo* v. *Planning & Zoning Board of Appeals,* 208 Conn. 480, 486, 547 A.2d 528 (1988). " 'A statute does not become ambiguous solely because the parties disagree as to its meaning.' . . . ' "If the words of a statute are clear, the duty of a reviewing court is to apply the legislature's direction, since, where the wording is plain, courts will not speculate as to any supposed intention. The question before a court then is not what the legislature actually intended, but what intention it expressed by the words that it used. . . ." ' (Citations omitted.)" *Ford Motor Credit Co.* v. *B. W. Beardsley, Inc.,* 208 Conn. 13, 18, 542 A.2d 1159 (1988).

The court acted properly in awarding attorney's fees to the plaintiff.

There is no error.

In this opinion the other judges concurred.