[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO CITE IN PARTY DEFENDANT
This action was commenced by writ, summons and complaint dated February 11, 1987 and returned to this court on the fourth Tuesday of March, 1987. The complaint alleges that the plaintiff suffered very serious injuries as a result of the defendant's alleged failure to exercise that degree of care, skill and diligence which chiropractors ordinarily possess and exercise in connection with her treatment. There is also a separate claim that the defendant failed to notify the plaintiff of the risks related to the alleged treatment.
Extensive interrogatories have been filed and depositions noticed. The case was placed on the dormancy list on August 12, 1988. An amendment to the complaint was filed on December 7, 1988 and the case was claimed for the jury trial CT Page 4341 list on the same date. On December 9, 1988, a motion to exempt the case from the dormancy program was granted. An answer was filed on December 12, 1988 and the matter was placed on the jury trial list on January 17, 1989.
There have been since that time numerous notices of deposition, interrogatories and motions filed. The case was specifically assigned for trial and included on a "Top Jury Cases" list in the New London Judicial District as early as December 18, 1989 and continuing thereafter on a month by month basis. On October 12, 1990, the plaintiff filed a motion to cite in party defendant, alleging that certain financial transactions between the defendant and his wife constituted fraudulent transfers and requesting permission to add the wife as a party defendant.
The defendant objected to the motion and the matter was set down for oral argument on November 27, 1990 in this court. At that time and for some time previous, the case had received a special assignment for trial on January 15, 1991.
The defendant claimed that he would be prejudiced with regard to the addition of his wife as a defendant at this late stage in the case and that if the additional party was added, the case would not be ready to proceed at the specially assigned date by reason of the need for additional pleadings, depositions and discovery as a matter of course.
On the other hand, the plaintiff claims that the motion, which was filed pursuant to Practice Book sections 85, 98-100, 103 and Connecticut General Statutes section 52-102
should be granted "in the interest of justice" and because the defendant's wife is either a "necessary" party or an "indispensable party". An exhaustive legal analysis has been provided by the plaintiff.
"Whether to allow the addition of a party to pending legal proceedings generally rests in the sound discretion of the trial court." A. Secondino Son, Inc. v. LoRicco,19 Conn. App. 8, 14 (1989). Lettieri v. American Savings Bank,182 Conn. 1, 13 (1980). Factors to be considered include the timeliness of the application, the possibility of prejudice to the other party and whether the applicant's presence will enable the court to make a complete determination of the issues. Lettieri v. American Savings Bank, supra.
In this case the presence of the defendant's wife for purposes of determining whether or not a fraudulent conveyance was affected as alleged is not necessary for a complete determination of the issues between Douglas Ackerman, CT Page 4342 Conservator of the Estate of Linda Solsbury and Thomas B. Goulding, the defendant. The addition of the defendant's wife is related to the question of whether or not and to what extent the plaintiff might collect any judgment rendered in the underlying malpractice case.
The defendant claims that he will be prejudiced if his wife is required to be joined with him and the trial to include the issues relating to alleged fraudulent conveyance. The court is persuaded by that view.
With regard to the timeliness of the motion to cite in the defendant's wife, the court notes that while the plaintiff alleges that the motion has been made as soon as the information requiring the same became available, it is also noted that the case has been on the jury trial assignment list for over one year and has a special trial assignment date of January 15, 1991. No parties may be added at this time without affecting the assignment date. Therefore, the Court finds that it is not timely to be adding additional parties in a situation where the plaintiff has the right to pursue claims of alleged fraudulent conveyance in separate independent actions without suffering substantial prejudice on behalf of the plaintiff.
For those reasons the motion is denied.
In an ancillary matter the parties also argued to the court a motion to quash the deposition of the defendant as it relates to allegations of fraudulent conveyance. The denial of the above motion makes further inquiry of the defendant in this case inappropriate and the motion to quash therefore is granted.
LEUBA, J.