[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: DEFENDANT'S MOTION TO CITE IN (#114)
On October 17, 1991, the plaintiffs, William Stoughton, administrator, Lauren Taft, and Bruce Taft, filed a complaint against the defendant, George Sabolcik, d/b/a Hi Standard Electric CO. The plaintiffs alleges that on October 1, 1990, Jennifer Taft, then three years old, was with her mother, Lauren and her brother, Bruce, standing on the side of a street awaiting the arrival of a school bus. The plaintiffs contend that the defendant, while driving a van in the course of his business, saw Lauren, Bruce and Jennifer, and stopped said van to talk with Lauren. Thereafter, the defendant began to drive away without determining the location of Jennifer. The defendant struck and ran over Jennifer, resulting in her death. The plaintiffs allege that Jennifer's death was caused by the defendant's negligence. The plaintiffs also maintain that Jennifer's CT Page 4750 mother and brother suffered severe emotional distress as a result of the aforesaid incident.
On March 10 1992, the defendant filed an answer to the complaint and submitted therewith two special defenses, the first of which asserts that the injuries allegedly sustained by the plaintiffs: were due to the carelessness and negligence of Lauren Taft. Also on March 10, 1992, pursuant to General Statutes 52-102, the defendant filed a motion to cite in Lauren Taft as a party defendant so as to determine her negligence and carelessness to provide for a complete determination of the case in accordance with General Statutes 52-572h(d). On March 18, 1992, the plaintiffs filed a memorandum in opposition to the defendant's motion in which they contend, inter alia, that, because Laruen Taft is already a party to the action, she need not be cited in.
General Statutes 52-102 states, in pertinent part, that:
 Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein. . . . (Emphasis added.)
General Statutes 52-102.
Any court, "upon motion, may cite in a new party or parties to any action pending before the court. . . ." General Statutes 52-103. "Whether to allow the addition of a party to pending legal proceedings generally rests in the sound discretion of the trial courts" A. Secondino Sons, Inc. v. Lo Ricco, 19 Conn. App. 8, 14, 561 A.2d 142 (1989); Lettieri v. American Savings Bank, 182 Conn. 1, 13, 437 A.2d 822 (1980), "Factors to be considered include the timeliness of the application, the possibility of prejudice to the other party and whether the applicant's presence will enable the court to make a complete determination of the issues." A. Secondino Sons, Inc., supra.
In the present matter Lauren Taft is a plaintiff and, consequently, already a party to this action. Furthermore, the defendant has raised the issued of Ms. Tafts alleged negligence and carelessness in his special defense. Consequently, the motion to cite in is denied.
PICKETT, J. CT Page 4751