[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court previously issued a decision filed October 21, 1992 holding that there was a balance due to the plaintiff in the amount of $67,206 plus interest at 10% per year pursuant to General Statutes 37-3a; that the plaintiff was entitled to a judgment of foreclosure of the mechanic's lien; and that the plaintiff was entitled to attorney's fees pursuant to General Statutes 52-249. Following the issuance of the court's decision, a subsequent hearing was held with respect to claims regarding attorney's fees and the calculation of interest arising from the failure of the defendants to accept an offer of judgment filed by the plaintiff.
Since the date the court filed its decision, our Supreme court has decided two cases involving the Home Improvement Act (Wadia Enterprises. Inc. v. Hirschfeld, 224 Conn. 240 (1992) and Habetz v. Condon, 224 Conn. 231 (1992) which do not, in the opinion of the court, require any change in the court's previous decision.
The plaintiff claims to be entitled to additional interest from the date of the filing of the complaint pursuant to the provisions of General Statutes 52-192a on the grounds that an offer of judgment was filed which was not accepted by the defendant and the court awarded the plaintiff an amount in excess of the CT Page 829 offer of judgment.
General Statutes 52-192a provides that "[A]fter commencement of any civil action based upon contract or for the recovery of money only," the plaintiff may file an offer of judgment. In the present action the complaint filed on behalf of the plaintiff seeks the following relief: (1) foreclosure of the mechanic's lien; (2) possession of the premises; (3) appointment of a receiver of rents; (4) attorney's fees, interest and costs; (5) deficiency judgment and such other and further relief as may be deemed just and proper." The present action is a statutory proceeding to foreclose a mechanic's lien and is not a "civil action based upon contract or for the recovery of money only" within the meaning of General Statutes 52-192a. The court therefore holds that the plaintiff is not entitled to additional interest as a result of the failure of the defendant to accept the offer of judgment.
The defendant also claims that the plaintiff is not entitled to recover attorney's fees. General Statutes 52-249 provides:
 "(a) The plaintiff in any action of foreclosure of a mortgage or lien, upon obtaining judgment of foreclosure, when there has been a hearing as to the form of judgment or the limitation of time for redemption, shall be allowed the same costs, including reasonable attorney's fees, as if there had been a hearing on an issue of fact."
The defendant claims that General Statutes 52-249 does not permit the recovery of attorney's fees in a foreclosure of a mortgage. However, our Appellate Court, in A. Secondino Son Inc. v. Loricco, 19 Conn. App. 8 (1989) upheld an award of attorney's fees in an action involving the foreclosure of a mechanic's lien and found the statute to be unambiguous. See also, Caron, Connecticut Foreclosures 13.07A B. p. 217. The court finds that the plaintiff is entitled to recover attorney's fees and costs necessarily incurred in the amount of $26,795.89 which the court finds to be fair and reasonable based upon the affidavit submitted into evidence.
Following the issuance of the Memorandum of Decision of the Court on October 21, 1992, the plaintiff filed a Motion for Foreclosure by Sale. The defendant has indicated that if the judgment of the court is upheld it will not be necessary to foreclose the mechanic's lien on the property because the judgment
CT Page 830
will be paid. The provisions of General Statutes 52-249 provides for attorney's fees "when there has been a hearing as to the form of judgment or the limitation of time for redemption." The defendant does not claim that attorney's fees may not awarded because of any claimed failure to comply with the above quoted section of the provisions of the statute.
Accordingly, the court finds that the plaintiff is entitled to a judgment of foreclosure of a mechanic's lien; that there is due to the plaintiff the sum of $67,206 plus interest on that sum at the rate of 10% a year from August 7, 1991 to the date hereof in accordance with the provisions of General Statutes 37-3a in the amount of $8,520.25; and that the plaintiff is further entitled to recover attorney's fees as costs in the amount of $26,795.89.
RUSH, J.