[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DEFENDANT'S MOTION TO STRIKE (#130) OR IN THE ALTERNATIVE MOTION TO CITE IN PARTY DEFENDANT (#130.01)
On January 31, 1992, the plaintiff, ANA Partnership ("ANA") filed a twelve-count complaint in which it seeks to recover "response costs and damages" allegedly sustained as a result of gasoline contamination on a parcel of property ("subject property") owned by ANA. Named in the complaint as defendants are Exxon Corporation ("Exxon"), the lessee of the subject property from 1960 through 1990, and Nicholas Yorandis ("Yorandis"), a sublessee who operated a service station on the subject property for all or part of that period.
In its complaint ANA alleges that the defendants committed waste by leaving the subject property in a contaminated condition in violation of General Statutes 52-563, following the termination of the parties' lease. ANA further alleges that Exxon breached the lease by causing petroleum substances to be discharged into the soil on the subject property. ANA also alleges, inter alia, that Exxon's activities violated General Statutes 22a-16, 22a-452 and General Statutes 42-110b, and that these activities constituted common law torts such as nuisance, negligence, recklessness, and the performance of an ultra-hazardous activity.
On October 13, 1993, Exxon filed a motion to strike ANA's complaint pursuant to Practice Book 198, or in the alternative, a motion to cite in additional party defendants (#130), along with a supporting memorandum of law. ANA filed a memorandum of CT Page 139 law in opposition on November 12, 1993.
Exxon argues that Stephen Hoffman, Lawrence Hoffman and Burton Hoffman ("the Hoffmans") should be cited in as party defendants pursuant to General Statutes 52-102, 52-107, and52-108, on the ground that the Hoffmans are necessary parties to the instant litigation. Exxon contends that the Hoffmans are necessary parties because after Exxon vacated the subject property in 1990, the Hoffmans unreasonably refused to purchase the subject property from ANA. Exxon further contends that the Hoffmans' failure to purchase the subject property cause ANA to suffer lost opportunity costs and other damages which ANA now seeks to recover from Exxon and Yorandis.
 Upon motion made by any party or non-party to a civil action, the person named in the party's motion or the non-party so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein, provided no person who is immune from liability shall be made a defendant in the controversy.
General Statutes 52-102; see also Practice Book 85.
 All persons having an interest in the subject of a civil action, and in obtaining the judgment demanded, may be joined as plaintiffs, except as otherwise expressly provided; and, if one who ought to be joined as plaintiff declines to join, he may be made a defendant, the reason therefore being stated in the complaint.
General Statutes 52-101; see also Practice Book 84. CT Page 140
 The court may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others; but, if a complete determination cannot be had without the presence of other parties, the court may direct that such other parties be brought in. If a person not a party has an interest or title which the judgment will affect, the court, on his application, shall direct him to be made a party.
General Statutes 52-107.
"Whether to allow the addition of a party to pending legal proceedings generally rests in the sound discretion of the trial courts." A. Secondino Sons, Inc., v. LoRicco, 19 Conn. App. 8,14, 561 A.2d 142 (1989); see also Lettieri v. American Savings Bank, 182 Conn. 1, 13, 437 A.2d 822 (1980). "Factors to be considered include the timeliness of the application, the possibility of prejudice to the other party and whether the applicant's presence will enable the court to make a complete determination of the issues." A. Secondino, supra, 14.
 Necessary parties . . . have been described as "[p]ersons having an interest in the controversey, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it . . . . [B]ut if their interests are separable from those of the parties before the court, the latter are not indispensable parties."
Sturman v. Socha, 191 Conn. 1, 6, 463 A.2d 527 (1983), quoting Shields v. Barrow, 58 U.S. 130, 139 (1955). "A necessary party is a person who has an interest in the outcome of the case and ought to be a party but the interest is separable from the CT Page 141 parties' interest such that the court can render judgment without affecting the rights of the person." W. G. Glenney Co. v. Bianco, 27 Conn. App. 199, 204 n. 1, 604 A.2d 1345 (1992). A necessary party is a person whose participation as a party is "required in order to assure a fair and equitable trial." Biro v. Hill, 214 Conn. 1, 6, 570 A.2d 182 (1990). "[N]ecessary parties [are] those whose presence is necessary for a complete resolution of the controversy but whose absence does not prevent the court from granting some relief." (Citation omitted.) LaBelle v. Dunham, 4 CSCR 726, 727 (October 16, 1989 Pickett, J.)
A review of the pleadings reveals that ANA's claims are brought against Exxon and Yorandis, and that ANA seeks damages based on allegations that the defendants' caused the subject property to become contaminated and then left the subject property in a contaminated condition. The Hoffmans who allegedly chose not to exercise an option to purchase the subject property based on an environmental contingency clause in the contract between themselves and ANA (see Exxon's supporting memorandum of law at pp. 3-8.), have no interest in either the subject property or the issues which are presently before the court. The absence of the Hoffmans from the case does prevent Exxon from presenting evidence which may show that the Hoffmans are responsible for any lost opportunity costs sustained by ANA, or from presenting other evidence concerning ANA's dealings with the Hofmmans [Hoffmans] which may mitigate or discharge Exxon's potential liability to ANA. Thus, the Hoffman's presence is not necessary in order to fully and fairly adjudicate the issues which are presently before the court. Accordingly, Exxon's motion to cite in the Hoffmans as party defendants is denied.
Exxon's motion to strike is likewise denied on the ground that the Hoffmans are not necessary parties to this action. Further, Exxons' motion to strike was not timely filed as Exxon filed its answer and special defenses on April 2, 1992, approximately eighteen months prior to its filing of the present motion. Exxon has waived its right to file a motion to strike. See Practice Book 112 and 113.
BALLEN, JUDGE CT Page 142