[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs, Aimable Hudela and Bronislaw Hudela, commenced this action alleging that the defendants were negligent in causing a motor vehicle accident. Pursuant to § 52-102a of the Connecticut General Statutes, the defendants move to implead Bronislaw Hudela as a third-party defendant in this action.
Pursuant to Connecticut General Statutes § 52-103, the court has the authority to cite in a new party to any pending action. Whether to allow the addition of a party to pending legal proceedings generally rests in the sound discretion of the trial court. A. Secondino and Son, Inc. v. LoRicco, 19 Conn. App. 8,14 (1989). Factors to be considered include the timeliness of the application, the possibility of prejudice to the other party and whether the applicant's presence will enable the court to make a complete determination of the issues. Id. Section 52-102a
of the Connecticut General Statutes states the following regarding the impleading of a third party by a defendant:
 A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The motion may be filed at any time before trial and permission may be granted by the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded.
The purpose of § 52-102a is clearly to obviate the multiplicity of actions. Senior v. Hope, 156 Conn. 92, 96
(1968). Schurgast v. Schumann, 156 Conn. 471, 485 (1968) (citing Jordan v. Stephens, 7 F.R.D. 140, 142 (1945). Third-party practice is procedural and does not create, abridge, enlarge or modify the substantive rights of any litigant but where there is a substantive basis for a right to reimbursement or indemnity, rule expedites presentation, and accrual of rights. Savings Bank of Manchester v. Kane, 35 Conn. Sup. 82,84 (1978). The purpose and effect of § 52-102a is to accelerate CT Page 7839 the accrual of the right to assert a claim against the impleaded person, and it does not affect his substantive rights. The statute is procedural in nature and applies to pending actions.Schurgast, supra, 487. Although a plaintiff has the right to choose which defendants to sue, if the defendant believed that a nonparty was responsible for some or all of the plaintiff's injuries, it was his responsibility to implead that nonparty.Bradford v. Herzig, 33 Conn. App. 714, 724 (1994).
Section 52-102a allows a defendant, as a third-party plaintiff, to serve a complaint on a person who is "not a party to the action." However, Bronislaw Hudela is already a party to this action both as a plaintiff and as a counterclaim defendant. Consequently, any liability for which Bronislaw Hudela may be responsible and any alleged damages caused by the alleged negligence of Mr. Hudela can already be addressed by the Court without resorting to the unnecessary and improper step of impleading Mr. Hudela. Therefore, the defendants' Motion to Implead Bronislaw Hudela as a third-party defendant is herebyDenied.
BY THE COURT
MELVILLE, J.