[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 7830
Plaintiff, Antonio Acosta, commenced this action alleging that the defendants were negligent in causing the plaintiff to slip and fall on ice and snow. The defendants allege that Edward J. Dillon Sons performed snow and ice and sanding/salting services at the location of the accident. Pursuant to § 52-102a of the Connecticut General Statutes, the defendants move to implead Edward J. Dillon sons as a third-party defendant in this action.
Pursuant to Connecticut General Statutes § 52-103, the court has the authority to cite in a new party to any pending action. Whether to allow the addition of a party to pending legal proceedings generally rests in the sound discretion of the trial court. A. Secondino and Son, Inc. v. LoRicco, 19 Conn. App. 8,14 (1989). Factors to be considered include the timeliness of the application, the possibility of prejudice to the other party and whether the applicant's presence will enable the court to make a complete determination of the issues. Id. Section 52-102a
of the Connecticut General Statutes states the following regarding the impleading of a third party by a defendant:
 A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The motion may be filed at any time before trial and permission may be granted by the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded.
The purpose of § 52-102a is clearly to obviate the multiplicity of actions. Senior v. Hope, 156 Conn. 92, 96
(1968). Schurgast v. Schumann, 156 Conn. 471, 485 (1968) (citing Jordan v. Stephens, 7 F.R.D. 140, 142 (1945)). Third-party practice is procedural and does not create, abridge, enlarge or modify the substantive basis for a right to reimbursement or indemnity, rule expedites presentation, and accrual of rights. Savings Bank of Manchester v. Kane,35 Conn. Sup. 82, 84 (1978). The purpose and effect of § 52-102a
is to accelerate the accrual of the right to assert a claim against CT Page 7831 the impleaded person, and it does not affect his substantive rights. The statute is procedural in nature and applies to pending actions. Schurgast, supra, 487. Although a plaintiff has the right to choose which defendants to sue, if the defendant believed that a nonparty was responsible for some or all of the plaintiff's injuries, it was his responsibility to implead that nonparty. Bradford v. Herzig, 33 Conn. App. 714, 724
(1994).
The defendants' Motion to Implead third-party defendant Edward J. Dillon Sons will not unduly delay the trial of the action nor prejudice the plaintiff or the party impleaded. Therefore, taking into consideration the aforementioned purpose of § 52-102a and the alleged involvement of Edward J. Dillon 
Sons in this matter, the defendants' Motion to Implead is herebyGranted.
BY THE COURT
Melville, J.