[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a medical malpractice action brought by the original plaintiff, Usylers Price, against the defendant, George Castro, M.D. In his third amended complaint, dated May 23, 1995, the plaintiff alleges that he sustained injuries and damages from negligent treatment administered by the defendant.
On May 30, 1995, the defendant filed a motion to cite in, for purposes of apportionment, the health care providers subsequently administering treatment to the plaintiff. The plaintiff filed an objection to the motion on March 21, 1996.
General Statutes § 52-102 provides, in pertinent part, that "[u]pon motion made by any party . . . to a civil action, the person named in the party's motion . . . (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy."
"Whether to allow the addition of a party to pending legal proceedings generally rests in the sound discretion of the trial court." A. Secondino Sons. Inc. v. LoRicco, 19 Conn. App. 8,14, 561 A.2d 142 (1989). "Factors to be considered include the timeliness of the application, the possibility of prejudice to the other party and whether the applicant's presence will enable the court to make a complete determination of the issues." Id.
The proper procedure to bring a person into a negligence action for the purpose of apportionment of liability under §52-572h is a motion to cite in, pursuant to § 52-102, accompanied by an order by the court that the plaintiff amend his complaint and serve and summon that person to appear as a defendant in the action. See White v. B.J.W. Car Rental, Superior CT Page 8907 Court, judicial district of Waterbury, Docket No. 101178 (May 3, 1993, Sullivan, J., 8 CSCR 565);
In the present case, the defendant's motion is accompanied by an order to be issued by the court, whereby the plaintiff amend the complaint, serve and summon the named persons to appear as defendants in the action. The defendant has substantially complied with the proper procedure for citing in additional defendants.
It is improper to determine whether the statute of limitations has run on a claim against a nondefendant tortfeasor on a motion to cite in that person. See Bushie v. Putzig,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 126103 (October 12, 1993, Mottolese, J.,10 Conn. L. Rptr. 228, 229). This issue is more appropriately addressed by that person after he has been made a party to the action.
Connecticut Superior Courts are split on whether a defendant seeking to cite in additional defendants for apportionment purposes is required to submit a good faith certificate. This court adopts the rationale of the court in Stowe v. McHugh,
Superior Court, judicial district of Waterbury, Docket No. 117721 (January 17, 1995, West, J.) in its interpretation of the proper procedure for citing in additional parties to a medical malpractice case. The defendant in the present case seeks to have other alleged tortfeasors made parties to the plaintiffs action because these alleged tortfeasors are also liable to the plaintiff, not to the defendant. See General Statutes § 52-572h. The defendant does not seek to make the additional parties third-party defendants.
Accordingly, the court grants the defendant's motion to cite in the additional parties and overrules the plaintiff's objection. Should the parties, after they are brought into the action, choose to contest the sufficiency of the plaintiffs cause of action against them, they may do so by a motion to strike. SeeLeConche v. Elligers, supra, 215 Conn. 710-11.
BARRY, J.