[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above entitled action was brought to foreclose a mechanics lien on real property located at 18 Russell Street, Norwalk, Connecticut, which is owned by the defendant Peter Bray.
In addition to the recovery sought in the complaint of $16,367.65 for which the lien was filed and foreclosure is sought, plaintiff is also seeking reasonable attorney fees and costs.
In the ATR where attorney fees were requested the ATR, H. Kaplan denied the request on the sole ground that attorney fees were not part of the contract for services rendered between defendant and plaintiff. Nevertheless, the recovery of attorney fees was not discussed, or denied on the basis of a lack of legal authority to do so. CT Page 13391
Authority for the imposition of legal fees may be found in Connecticut General Statutes § 52-249, which pertinent part reads as follows:
"(a) The Plaintiff in any action of foreclosure of a mortgage or lien, upon obtaining a judgment of foreclosure when there has been a hearing as to the form of judgment or the limitation of time for redemption, shall be allowed the same costs, including a reasonable attorney's fee, as if there has been a hearing on an issue of fact."
The case most dispositive on this issue is A. Secondino Son, Inc. v. Loricco, 19 Conn. App. 8 (1988). In that case a similar set of facts were presented to the court in the foreclosure of a mechanics lien, including whether attorney's fees were authorized. The court found that C.G.S. § 52-249
(a) did authorize such an allowance, and stated at page 15:
 Connecticut case law follows the general rule, frequently "American Rule:, that attorney's fees are not allowed to the prevailing party as an element of damage unless such recovery is allowed by statute or contract.
As contract between the plaintiff and defendant did not provide for recovery of attorney fees, it is fortunate that the law does. The court in Secondino, went on to state, at page 16 "General Statutes § 52-249 (a) succinctly and unambiguously provides for the allowance of attorney's fees in action for foreclosure of mortgages or liens."
In furtherance to plaintiff's request, plaintiff brings to the court's attention the case of Stergue v. Serpico,17 CONN. L. RPTR. 360, wherein Judge Mihalakos of the Danbury Superior Court awarded attorney fees for the Appellate work done by plaintiff's counsel in the foreclosure of a mechanics lien a copy of which is attached hereto and made a part hereof.
The court allows attorney fees in the amount of $26,740.00 for the plaintiff.
HICKEY, J. CT Page 13392