[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL MEMORANDUM OF DECISION
CT Page 3399
This case, which involves a controversy between an excavating contractor and home owners of property at 90 Saugatuck Avenue in Westport, was referred to an attorney trial referee. The referee recommended that judgment enter in favor of the plaintiff, Darien Asphalt Paving, Inc., for $19,062, plus prejudgment interest from October 5, 1989, the date the mechanic's lien was recorded. On October 30, 1998, this court entered judgment in accordance with the referee's report, including $18,424 prejudgment interest. However, the referee did not make a recommendation regarding the plaintiffs request for attorney's fees, stating that it was an issue of law for this court to decide.
The plaintiff claims that it is entitled to attorneys fees of approximately $32,000 because of General Statutes § 52-249, which provides that the plaintiff "in any action of foreclosure . . . of a lien, upon obtaining judgment of foreclosure, when there has been a hearing as to the form of judgment or the limitation of time for redemption, shall be allowed the same costs, including a reasonable attorneys fee, as if there had been a hearing on an issue of fact." The plaintiff did file a mechanics lien against the defendants property and, in the first count of its complaint, sought the foreclosure of this lien.
The referee made a finding of fact that there was no contractual commitment on the part of the defendants to pay attorney's fees, either in the contract between the parties or in certain "job tickets" which referred to attorney's fees.[1]
Therefore, since the court previously accepted this factual finding, the only remaining basis for awarding legal fees is statutory. The plaintiff contends that since it filed a lien and sought its foreclosure, it is entitled to fees under General Statutes § 52-249. The defendant argues that this statute is not applicable to a plaintiff "proving his case in chief, i.e. for proving his right to recover."
This court agrees with the defendant that the statute does not apply to the recovery of legal fees in connection with the underlying breach of contract action, since there is no contractual basis for such an award. However, in this courts memorandum of decision, the plaintiff was directed to claim this matter for the foreclosure short calendar to determine, for example, the type of foreclosure and the date thereof. In connection with the foreclosure aspect of the case, the plaintiff CT Page 3400 will necessarily incur legal fees. Those fees are reimbursable pursuant to General Statutes § 52-249, as in other foreclosure actions, and should be determined by the foreclosure judge at the time of the short calendar.
Thus, this court declines to award attorney's fees to the plaintiff in connection with the trial of the underlying controversy. Attorney's fees should be limited to the time expended in connection with the actual foreclosure proceedings themselves. See A. Secondino Son. Inc. v. LoRicco,19 Conn. App. 8, 15-16, 561 A.2d 142, aff'd on other grounds,215 Conn. 336, 576 A.2d 464 (1989).
So Ordered.
Dated at Stamford, Connecticut, this 24th day of March, 1999.
William B. Lewis, Judge