[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The findings of fact and conclusions of law of the attorney trial referee contained in his report dated March 23, 1998 (sic) and filed 3/23/99, as corrected in the attorney trial referee's report dated April 30, 1999 on defendant's motion to correct, and as amended by the amendment to attorney trial referee's report dated June 17, 1999 are accepted, except that the attorney trial referee's award of attorney's fees is rejected.
Although in the view of the court the award of attorney's fees pursuant to C.G.S. § 52-249 applies to the foreclosure of mechanic's lien by its plain language[1]; see A. Secondino andSon. Inc. v. Lo Ricco, 19 Conn. App. 8, 15-16, 561 A.2d 142, aff'd on other grounds, 215 Conn. 336, 576 A.2d 464 (1989); the CT Page 7786 amount of such fees should be set by the court at the hearing on the type of foreclosure, setting of a sale day or of law days, and the awarding of other costs. Whether attorneys fees should be awarded for the trial of the underlying contract action is a matter which should be determined by the foreclosure judge. SeeDarien Asphalt Paving, Inc. v. B. Richard Giordano, et al, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. CV90 0107529 (March 24, 1999, supplemental memorandum of decision, Lewis, J.). The plaintiff should claim the matter for the foreclosure short calendar for that purpose.
Judgment is entered in accordance with the foregoing.
So Ordered.
D'andrea, J.