[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO ADD PARTIES
The above-captioned case has been assigned to the complex litigation docket; however, it has not been assigned to a particular judge. On May 2, 2000, the Supreme Court issued a decision in favor of the plaintiff reversing the trial court's decision granting the defendants' motion for summary judgment and remanded the case to the Superior Court. ReichholdChemicals, Inc. v. Hartford Accident Indemnity Co., 252 Conn. 774
(2000). At the time the case was remanded, the parties represented that the case was ready for immediate trial and that trial would take three to four months, a span of trial time that was not available on the dockets of any of the complex litigation judges to whom the case could be assigned. While the case has been awaiting an available trial date, defendants The Home Insurance Company, Commercial Union Insurance Company CT Page 12250 and Century Indemnity Company filed a motion titled "Certain Defendants' Motion to Add Parties or for Set-Offs/Credits for Settlements." That motion has now been fully briefed, and a request for adjudication has been filed. The undersigned agreed to decide motions filed while the case is awaiting assignment by the Civil Administrative Judge to a judge for trial.
The movants seek, as third-party plaintiffs, to serve a summons and complaint upon certain insurance companies that were parties in this case but that settled with the plaintiff. The movants allege that the settled insurers "are or may be liable for all or art of the plaintiff's claims concerning its manufacturing facility in Tacoma, Washington, as set forth in Counts Seventeen through Twenty of the plaintiff's Fourth Amended Complaint dated October 19, 1992."
The movants state in their motion that "[a]lternatively, Defendants move the court to determine that, under Washington law, any damages awarded to the plaintiff concerning the Tacoma site will be offset to reflect the plaintiff's settlements with the settling insurers, or apportioned in accordance with the terms and conditions of all insurance policies applicable to the plaintiffs' Tacoma site claims, without the need to add the settling insurers who issued such policies as parties."
In this case, the plaintiff, Reichhold Chemicals, Inc. ("Reichhold") seeks reimbursement for costs it allegedly incurred and will incur in connection with the cleanup of pollution at twenty-three sites in ten states. In its original complaint, Reichhold named sixteen insurance companies with which it had contracted for primary and excess liability insurance coverage for periods from 1952 through 1985.
Motion for ruling on applicable law
The movants are seeking either leave to add the settled insurers as parties or a ruling by this court on the impact of the settlements on the calculation of damages if the plaintiff prevails.
The plaintiff correctly points out that while the court may rule on the motion to cite in additional parties, it may not issue an advisory opinion on the calculation of damages at trial. This court has not heard a trial on the merits, nor have the movants followed the procedure applicable for a motion for summary judgment, if such a motion were appropriate to the issue raised. The parties have not jointly stipulated to facts and consented to adjudication of this issue as a nonjury trial on stipulated facts.
The only agreed fact, ascertainable from inspection of the pleadings, CT Page 12251 is that the plaintiff originally sued sixteen primary and excess comprehensive general liability carriers, seeking coverage for damages arising out of progressive property damage at and around twenty-three different locations. The issues to be addressed at the eventual trial concern a site in Tacoma, Washington. The plaintiff has withdrawn its claims against nine of the original defendants, allegedly after settlements as to eight and a uncompensated withdrawal against one insolvent insurer. (Plaintiff's brief in opposition, p. 4 n. 5 9/1/00.) The issue whether amounts received in settlements may offset against recoveries against the remaining defendants will arise only if the remaining defendants are found liable. Trial courts are not authorized to issue advisory opinions on issues not yet properly before them. StatewideGrievance Committed v. Rozbicki, 211 Conn. 232, 246 (1989). A court should not issue advisory opinions on issues that "have not yet occurred, or may never occur." Skakel v. Benedict, 54 Conn. App. 693-94 n. 15 (1999); Lappen v. City of Hartford, Docket No. CV 93 0529603, 1996 WL 24572, at *3 (Conn. Super Ct. Jan. 5, 1996) (Sheldon, J.) ("[i]t is axiomatic that a court must not render advisory opinions in hypothetical response to questions that do not resolve actual cases or controversies between the parties.")
The issue whether any recoveries from settled defendants should serve to reduce the amount for which any remaining defendant is liable must await trial on the merits, which could potentially result in a finding of no liability against the remaining defendants, and thus would offer no occasion for the court to consider the issue of offset.
Motion to cite in settled insurers
The movants assert that, if they were found liable to the plaintiff, under the law of Washington State, which the Supreme Court has found to be applicable to the claims involving the Tacoma site, ReichholdChemicals, Inc. v. Hartford Accident and Indemnity Co., 252 Conn. 774,789 (2000), they would be able to seek contribution from other insurers that had insured the same risk for the same period at the same level, that is, as primary or excess insurers. The movants seek to add the settled insurers as parties for the adjudication of the alleged claim for contribution in the event they are found liable.
The court has discretion to allow amendments of the sort propose by the defendants. Lettieri v. American Savings Bank, 182 Conn. 1, 13 (1980);A. Secondino Son, Inc. v. Loricco, 19 Conn. App. 8, 14 (1989). The court notes that the movants failed to file cross claims against the settled insurers while they were defendants in the case, and that the withdrawals of the claims against the settled insurers were filed in various years from 1992 to 1999. The pleadings are now closed and the CT Page 12252 case is ready for trial with regard to the Tacoma site as soon as it can be assigned to a trial judge. The addition of third party claims against parties who are not now parties in the suit would lead to delay in a case that is already twelve years old. As the movants have pointed out, in opposing Reichhold's claims for damages at trial they can raise their claims that any damages are to be reduced by amounts paid by other insurers. Alternatively, they could, in the event they are held liable, file an action seeking contribution. The court expresses no opinion as to whether such a reduction or such a claim is viable under Washington law.
Conclusion
The motion to add parties or to adjudicate before trial the of setoffs from prior settlements is denied.
Beverly J. Hodgson Judge of the Superior Court