[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO CITE IN
 I PROCEDURAL BACKGROUND
The plaintiffs in the above-captioned matter commenced the present case by writ, summons and a nine count complaint dated January 18, 2000 and returnable on February 29, 2000. The plaintiffs allege in their complaint, inter alia, that Judge Dale Radcliffe and Judge Patrick Carroll, both Judges of the Superior Court sitting in the Judicial District of Danbury, "harbor a pernicious bias against [p]laintiff's counsel and have acted upon such bias to prejudice the plaintiffs." (Count 7, ¶ 2.) Consequently the plaintiffs seek an order "enjoining Judge Radcliffe and Judge Carroll from presiding over any action in which CT Page 15087 [plaintiffs] are parties, now and forever." (Count 7, ¶ 4.) After this case was initiated, the plaintiffs filed a" Motion To Cite In Hon. Sidney Axelrod As Additional Party Defendant" (the Motion), dated April 23, 2001. A hearing was held on the Motion on October 29, 2001. At that hearing, the plaintiffs' counsel, Attorney Nancy Burton, argued that Judge Axelrod should be added as a necessary party to count seven of the complaint because prior to the commencement of the present action, he had shown bias toward her. Such bias, she claimed, would inure to the detriment of the plaintiffs if Judge Axelrod were not added as a defendant and permanently barred from handling any matters connected with the plaintiffs or their attorney. In support of the Motion, the named plaintiff, William H. Honan, the husband of Attorney Burton, testified and was cross-examined by Attorney Kathryn Emmett who represents Judge Axelrod. The judge opposes the plaintiffs' Motion.
 II FACTS
The court, after hearing testimony, made oral findings of fact on the record and hereby reduces those oral findings to the following written findings of fact. William H. Honan, on some unspecified date years before the commencement of the present action, was present in court when Judge Sidney Axelrod presided over a proceeding in this Judicial District in which Attorney Burton represented David A. White in regard to a case related to a land survey. At that proceeding, Attorney Burton asked for a continuance "for medical reasons" of some unspecified nature and Judge Axelrod initially denied the request. After hearing further from Attorney Burton, Judge Axelrod reconsidered his decision and allowed the requested continuance. The case was eventually disposed of without a trial and no one suffered any prejudice of any kind due the initial denial of the requested continuance. Honan was upset when Judge Axelrod first refused the requested continuance and personally believes that Judge Axelrod was biased against his wife. There is, however, no objective, credible evidence to establish that Judge Axelrod has ever been actually prejudice against Attorney Burton or her client at any time.
 III LAW
Whether to grant a motion to cite in an additional party is within the discretion of the court. A. Secondino Son, Inc. v. Loricco,19 Conn. App. 8 (1989). "Factors to be considered include the timeliness of the application [to cite in a party], the possibility of prejudice to the other [parties] and whether the [additional party's] presence will CT Page 15088 enable the court to make a complete determination of the issues." Id., 14. General Statutes § 52-102 provides that "[u]pon motion made by any party . . . to a civil action, the person named in the party's motion . . . shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein;provided no person who is immune from liability shall be made a defendantin the controversy." (Emphasis added.) See also, Practice Book §9-6. "Necessary parties . . . are those [p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. . . ." 1525 Highland Associates v. Fohl,62 Conn. App. 612, 618 (2001). There is no legal principal or credible evidence which establishes that Judge Axelrod is a "necessary party" in accordance with the aforementioned statute, rule of practice or case law. The plaintiffs have offered nothing to indicate that the issues in this case cannot be decided completely and justly without the presence of Judge Axelrod as a defendant. On the contrary, the evidence offered by the plaintiffs establishes that the judge was acting in his official capacity at the time of the alleged misconduct and is immune from suit under the doctrine of sovereign immunity. See, White v. Burns,213 Conn. 307 (1990). The plaintiffs have not claimed in the Motion or at oral argument that the state has waived its immunity from suit by means of appropriate legislation and thereby consents to be sued for the alleged conduct of Judge Axelrod. See, White v. Burns, supra. The doctrine of sovereign immunity alone establishes, pursuant to General Statutes § 52-102 and the case law, that Judge Axelrod is not a necessary party in this case. There is another reason, however, for the court to find that Judge Axelrod should not be added as a defendant. The reason is that the plaintiffs have failed to offer any credible evidence that Judge Axelrod is prejudice against their lawyer or them, or that a reasonable person, knowing all the circumstances, would conclude that he is biased against them.
The court takes judicial notice of the file in the present case and notes that the only connection Judge Axelrod has with it is that on February 4, 2000, he denied an application for a temporary injunction made by the plaintiffs. Our Supreme Court has said that the "fact that a trial court rules adversely to a litigant, even if some of these rulings were to be determined on appeal to have been erroneous, does not demonstrate personal bias." Bieluch v. Bieluch, 199 Conn. 550, 553, (1986). Therefore, assuming, without deciding, that Judge Axelrod improperly denied the requested continuance by Attorney Burton and that he improperly denied the plaintiffs' application for a temporary injunction, such actions do not equate to a demonstration of bias by him against counsel or her clients. Our Supreme Court has said the following CT Page 15089 on the subject of judicial bias and a judge's obligation to recuse himself or herself "Accusations of judicial bias or misconduct implicate the basic concepts of a fair trial. . . . The appearance as well as the actuality of [partiality] on the part of the trier will suffice to constitute proof of bias sufficient to warrant disqualification. . . . Canon 3(c)(1) provides in relevant part: A judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where: (A) the judge has a personal bias or prejudice concerning a party. . . . To prevail on its claim of a violation of this canon, the plaintiff need not show actual bias. The plaintiff has met [his] burden if [he] can prove that the conduct in question gave rise to a reasonable appearance of impropriety. We use an objective rather than a subjective standard in deciding whether there has been a violation of Canon 3(c) (1). Any conduct that would lead a reasonable [person] knowing all the circumstances to the conclusion that the judge's impartiality might reasonably be questioned is a basis for the judge's disqualification. Thus, an impropriety or the appearance of impropriety . . . that would reasonably lead one to question the judge's impartiality in a given proceeding clearly falls within the scope of the general standard. . . . The question is not whether the judge is impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his . . . impartiality, on the basis of all of the circumstances." (Citations omitted; internal quotation marks omitted.) Abington Limited Partnership v. Heublein, 246 Conn. 815,819-20 (1998). The court, based on Honan's testimony and the information in the court file, finds that under the circumstances of this case, there is no proof that Judge Axelrod harbors any actual bias against Attorney Burton or her clients and that no reasonable person, knowing all the relevant circumstances of this case, would come to the conclusion that Judge Axelrod is biased against the defendant or her clients.
Even if Judge Axelrod did in fact exhibit bias against Attorney Burton in the past such that the bias would create the appearance of partiality, this court does not have the authority to enjoin Judge Axelrod from any involvement in this case. The proper procedure to disqualify a judge is set out in Practice Book § 1-23 which provide that "[a] motion to disqualify a judicial authority shall be in writing and shall be accompanied by an affidavit setting forth the facts relied upon to show the grounds for disqualification and a certificate of the counsel of record that the motion is made in good faith. The motion shall be filed no less than ten days before the time the case is called for trial or hearing, unless good cause is shown for failure to file within such time." Further, "[t]he matter of a judge's recusal is in the reasonable discretion of that judge. . . . The decision to recuse oneself is an intrinsic part of the independence of a judge." Consiglio v. Consiglio, CT Page 1509048 Conn. App. 654, 661-662 (1998). Therefore, the plaintiffs must follow the procedure outlined in Practice Book § 1-23 and make their motion to disqualify Judge Axelrod in front of him if and when he presides over any aspect of the present case. This court cannot and will not violate the independence of another Judge of the Superior Court by enjoining him from hearing this case.
 IV CONCLUSION
In short, the plaintiffs have failed to offer any bona fide legal argument or credible evidence to support their claim that Judge Axelrod is a necessary party and should be added as a defendant to this case. The court refuses to exercise its discretion in plaintiffs' favor and therefore denies the Motion.
White, J.