[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO CITE IN FICTITIOUS PARTY DEFENDANT
The present case is a foreclosure action by plaintiff, Farmers Mechanics Bank, mortgagee, against the defendants, David E. Nellis and Barbara R. Nellis, mortgagors, for a default on a promissory note secured by a mortgage on real property held by the defendants.
Subsequent to the plaintiff filing its action of September 26, 1991, the defendants filed a Chapter 13 bankruptcy petition, with the District Court for the District of Connecticut, staying the foreclosure proceedings, allowing the continuation of the present action.
On November 7, 1991, the plaintiff filed its first motion to cite party defendants. The plaintiff, in its motion, sought to join the tenants of the premises to the foreclosure action as required by General Statutes Sec. 49-22. In the first motion to cite party defendants, the plaintiff used the fictitious names, "John Doe" and "Jane Doe," as a substitute for the tenants' real names. On December 23, 1991, the motion was granted by order of Judge O'Connell.
On September 21, 1992, the plaintiff filed its second motion to cite party defendants. The matter is presently before Judge Higgins. The second motion is identical to the first motion, filed on November 7, 1991, with on exception. Instead of referring to the tenants, sought to be joined to the action, as "John Doe" and "Jane Doe," the plaintiff refers to the parties and "John Doe a.k.a Melvin Jenkins, and Jane Doe, a.k.a. Joyce Spivy." The defendants failed to object to the present motion. CT Page 11289 Neither party filed a memorandum of law in support or in opposition to the present motion.
 Upon motion made by any party or nonparty to a civil action, the persons named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy.
General Statutes Sec. 52-102; see also Practice Book Sec. 85.
"Any court . . ., upon motion, may cite in a new party or parties to any action pending before the court. . . ." General Statutes Sec. 52-103.
"Whether to allow the addition of a party to pending legal proceedings generally rests in the sound discretion of the trial courts." A. Secondino Sons, Inc. v. LoRicco, 19 Conn. App. 8,14, 561 A.2d 142 (1989); see also Lettieri v. American Savings Bank, 182 Conn. 1, 13, 437 A.2d 822 (1980); but see General Statutes Sec. 52-102 (2) (the court has no discretion providing that the person is necessary to a complete determination of the issues and is not immune from liability). "Factors to be considered include the timeliness of the application, the possibility of prejudice to the other party and whether the applicant's presence will enable the court to make a complete determination of the issues." LoRicco, supra, 14; see also Lettieri, supra, 13.
In the present foreclosure action, the plaintiff is seeking to join the tenants of the premises as party defendants pursuant to General Statutes Sec. 49-22.
General Statutes Sec. 49-22 (a) provides: CT Page 11290
 (a) In any action brought for the foreclosure of a mortgage or lien upon land, . . . the plaintiff may, in his complaint, demand possession of the land, and the court may, if it renders judgment in his favor and finds that he is entitled to the possession of the land, issue execution of ejectment, commanding the officer to eject the person or persons in possession of the land to put in possession thereof the plaintiff, . . . provided no execution shall issue against any person in possession who is not a party to the action. . . .
General Statutes Sec. 49-22 (a).
In the present case, the tenants are indispensable parties to the action pursuant to General Statutes Sec. 49-22 (a). See Sturman v. Socha, 191 Conn. 1, 463 A.2d 527 (1983).
The main focus of this memorandum deals with the abrogation of "John and Jane Doe" pleading under Connecticut practice. "The privilege of using fictitious names in actions should be granted only in the rare case where the nature of the issue litigated and the interest of the parties demand it and no harm can be done to the public interest." Buxton v. Ullman, 147 Conn. 48, 60,156 A.2d 508, rehearing denied, 36 U.S. 497 (1959).
The facts of the present foreclosure action do not support a finding which would invoke the privilege of using fictitious names in plaintiff's motion to cite party defendants. See id. The present case does not involve any greater "interest of the parties" than that of any other foreclosure action. Id.
"General Statutes, Sec. 52-89 [now Sec. 52-45a], provides, in part, that writs in civil actions shall describe the parties, presumably by their real names, so that they may be identified." Id., 59.
"Practice Book Sec. 199 [now Sec. 258] states, among other things, that `[i]n the captions of pleas, answers, etc., the parties may be described as John Doe v. Richard Roe, et al., but this will not be sufficient in a judgment file, which must give all the data necessary for use in drawing the execution.'" Id., CT Page 11291 59-60.
In a recent superior court decision, Connecticut Resources Recovery Authority v. Refuse Gardens, Inc., the court held that the actual shareholders of a dissolved corporation may not be brought into an action by substituting them for "John Doe" defendants named in the original complaint. Connecticut Resources Recovery Authority v. Refuse Gardens, Inc., 6 CTLR 221 (March 25, 1992, Schaller, J.).
The issue presented in Refuse Gardens, Inc. was "whether a person suing the shareholders of a dissolved corporation may substitute for `John Doe' shareholders the names of the actual shareholders?" Id. The court stated that `[t]here is no authority to proceed against unknown persons in actions in Connecticut courts and, therefore, no authority to substitute the additional ascertained shareholders for the originally named `John Doe' defendants." Id., 222. "In `actions or proceedings which are not strictly in rem, there is generally no authority to proceed against unknown persons in the absence of a statute' permitting such an action. 85 A.L.R.3d Sec. 2, 134; see also 59 Am.Jur.2d, Parties Sec. 16, 401." Id., 221.
The court in Refuse Gardens, Inc. held that `[b]ecause fictitious name pleading is not authorized under Connecticut law, and because the proffered substitution seeks to add new defendants, rather than to correct a misnomer, the court denies plaintiff's motion to substitute without prejudice to employing other procedures that may apply." Id., 222. Although Refuse Gardens, Inc. involved a motion to substitute, the prohibition of "John and Jane Doe" pleading is also applicable to a motion to cite party defendants. The motion to substitute in Refuse Garden, Inc. involved substituting the actual shareholders of a dissolved corporation for "John Doe" defendants named in the original complaint. In the present foreclosure action, the plaintiff seeks to join as party defendants the tenants of the premises. The operation of the motion to cite party defendants in the present action is to join party defendants to the action. Therefore, the application of the prohibition against "John and Jan Doe" pleadings which extends to the motion to substitute should also apply to the motion to cite party defendants.
For the reasons herein stated, the court denies plaintiff's motion to cite these party defendants because Connecticut practice prohibits fictitious or "John Doe" pleadings. The prior CT Page 11292 order of the court (O'Connell, J.) is vacated.
It is so ordered.
HIGGINS, J.