[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 12, 1993, the plaintiff, Stuart Kerr, filed a two count negligence action against the defendants John Doe and Keith Duffield. The plaintiff alleges that he was injured on November 12, 1991, when several cases of Coca-Cola fell on him when he pulled open the rear door to unload truck #1018 at the defendant's Coca-Cola Bottling of New York, Inc. (Coca-Cola) premises in Waterbury, Connecticut. The plaintiff alleges that John Doe, an employee of Coca-Cola, negligently operated truck #1018 on November 1, 1991. The plaintiff now knows that the John Doe driver's name is Brian Tobey. The plaintiff also alleges that Keith Duffield, an employee of Coca-Cola, negligently drove truck #1018 from the Coca-Cola lot into its CT Page 3966 warehouse for unloading.
On November 4, 1993, the plaintiff served John Doe by serving a copy of the writ, summons, and complaint on the Commissioner of Motor Vehicles of the State of Connecticut and by sending copies of the writ, summons, and complaint by certified mail to the care of John Doe's employer, Coca-Cola. On November 5, 1993, Coca-Cola accepted the certified mail addressed to John Doe c/o Coca-Cola.
On December 6, 1993, an attorney filed an appearance on behalf of all defendants in this matter. On January 20, 1994, another attorney from the same firm filed an appearance on behalf of John Doe.
On January 20, 1994, the defendant, John Doe, filed a motion to dismiss on the ground that the court lacks jurisdiction of him "for the reason that naming John Doe defendants in a complaint and writ is improper in Connecticut practice." The defendant filed a supporting memorandum of law.
On February 8, 1994, the plaintiff filed an objection to the defendant's motion to dismiss along with a supporting memorandum of law. The plaintiff argues that the defendant John Doe "waived his right to claim a lack of jurisdiction over the person . . . for the reason that more than thirty days have passed since the filing of an appearance on John Doe's behalf."
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. Practice Book 142." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 68790 A.2d 509 (1985).
"`General Statutes, Section 52-89 [now Section 52-45a] provides in part, that writs in civil actions shall describe the parties, presumably by their real names so that they may be identified.'" Farmers Mechanics Bank v. Nellis, 8 CSCR 97, 98
(December 21, 1992, Higgins, J.), quoting Buxton v. Ullman,147 Conn. 48, 59, 156 A.2d 508, appeal dismissed, 367 U.S. 497,81 S.Ct. 1752, 6 L.Ed.2d 989 (1961).
 [N]aming John Doe defendants in a complaint and writ is improper under Connecticut Practice. The Connecticut Practice Book does not authorize naming John Doe CT Page 3967 defendants. Neither does Connecticut have a fictitious name statute that authorizes naming a John Doe defendant. In those jurisdictions that permit suits against a defendant whose identify or name is unknown, there are statutes authorizing the fictitious designation. 67A C.J.S. Parties 115 p. 937-39 (1978).
Hackett v. State, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 352161 (November 28, 1990, Stengel, J.); see also Cuomo v. Yale-New Haven Hospital, Superior Court Judicial District of New Haven, Docket No. 390701, (July 27, 1992, Gordon, J.); Farmers Mechanics Bank v. Nellis, supra, 97-98.
A complaint may be amended to correct a misnomer or misdescription of a party, but it may not be amended to entirely change a party. Kaye v. Manchester, 20 Conn. App. 439, 444,568 A.2d 459 (1990), citing Pack v. Burns, 212 Conn. 381, 384-85,562 A.2d 24 (1989). In determining whether an amendment is a correction of a misnomer or a substitution of a new party, the court should consider the following: "(1) whether the defendant had notice of institution of the action; (2) whether the defendant knew he was a proper party; and (3) whether the defendant was prejudiced or misled in any way." Kaye v. Manchester, supra, 444. Substitution of a named defendant for a John Doe defendant is not a mere correction of a misdescription but rather brings in a new, separate party. Connecticut Resources Recovery Authority v. Refuse Gardens, Inc., 7 CSCR 439, 440 (March 25, 1992, Schaller, J.).
Accordingly, this court grants John Doe's motion to dismiss because Connecticut Practice does not permit actions against John Doe defendants.
WILLIAM J. SULLIVAN, J.