[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This issue in this case is whether the use of the names "John Doe" and "Jane Doe" for all named defendants in this residential lapse of time summary process action deprives the court of subject matter jurisdiction because fictitious name pleading is not authorized under Connecticut Law.
FACTS
The plaintiff foreclosed its mortgage from the prior owner of the premises at 45 Creston Road, Stamford, Connecticut and has acquired title to the property by reason of the foreclosure action. The plaintiff is proceeding on its amended complaint which indicates that the defendant's month to month tenancy terminated by lapse of time. The plaintiff served a Notice to Quit for the reason of lapse of time and named as the tenants and/or occupants in the notice to quit John Doe (I), Jane Doe (I), John Doe (II) and Jane Doe (II). No other tenants or occupants were named in the Notice to Quit. Upon the expiration of the quit date the plaintiff served a writ, summons and complaint naming the four "Does" as the only named defendants. The defendants appeared by counsel of record and within the requisite period of time filed a motion to dismiss claiming lack of jurisdiction over the person, insufficiency of process, and insufficiency of service of process. Practice Book § 143(2),(4) and (5). In their supporting memorandum of law the defendants are claiming "Delivery of such a writ to an address without identifying the parties to be summoned constitutes insufficiency of service of the defective process." The defendants therefore are claiming that by reason of the fictitious names of John Doe and Jane Doe being used the court is deprived of jurisdiction over the person, insufficiency of process and insufficiency of CT Page 4180-A service of process.
According to the return on the Notice to Quit and on the writ, summons and complaint, service of process was made at the usual place of abode at the premises 45 Creston Road, Stamford, Connecticut which is the subject of this lawsuit. This method of service complies with Connecticut General Statutes § 52-57(a)
as well as the requirements of the service of the notice to quit under Connecticut General Statutes § 47a-23(c) and the service of a complaint in summary process action in accordance with Connecticut General Statutes § 47a-23a(a).
DISCUSSION OF LAW
The defendant claims "there is no authority to proceed against unknown persons in actions in Connecticut courts."Connecticut Resources Recovery Authority v. Refuse Gardens, Inc.,
6 CTLR 221, March 25, (1992) (Schaller, J.). In actuality Connecticut law does permit, under certain limited circumstances, the use of fictitious names such as John Doe and Jane Doe. "The privilege of using fictitious names in actions should be granted only in the rare case where the nature of the issue litigated and the interest of the parties demand it and no harm can be done to the public interest." Buxton v. Ullman, 147 Conn. 48, 60 (1959). The general rule that the parties must be described and fictitious names are not to be used is set forth in ConnecticutGeneral Statutes § 52-45a (formerly Connecticut General Statutes § 52-89) "Civil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties . . ." Practice Book Section 49 requires mesne
process "describing the parties."
A prior foreclosure action was commenced in the Superior Court and a judgment of foreclosure was obtained. The tenants, John Doe and Jane Doe, were not joined as parties in that foreclosure action. Tenants are subject to an execution of ejectment on the foreclosure judgment in accordance withConnecticut General Statutes § 49-22 if named as a party. The foreclosure statutes in the State of Connecticut do not permit the use of fictitious names for any defendants including those of unknown persons or unnamed tenants and/or occupants of the foreclosed premises.
Connecticut General Statutes § 47a-23(b) states: "If the owner or lessor, or his legal representative, attorney-at-law or CT Page 4180-B attorney-in-fact knows of the presence of an occupant but does not know the name of such occupant, the notice of such occupant may be addressed to such occupant as `John Doe', `Jane Doe' or some other alias which reasonably characterizes the person to be served." The defendant argues that the general prohibition in Connecticut against the use of fictitious names under the circumstances of this case deprives the court of subject matter jurisdiction. The defendant fails to point to any Housing Session or summary process case in support of this argument.
CONCLUSION
Prior to 1986 summary process statutes did not permit the naming of fictitious persons as defendants. Public Act 86-210
amended Connecticut General Statutes § 47a-23 to provide that notice be given to an occupant "if the owner or lessor knows or in the exercise of reasonable diligence should know the name of such occupant." P.A. 86-286 repealed provisions added by Public Act 86-210 and amended subsection (b) of Connecticut GeneralStatutes § 47a-23 to provide that if owner or lessor, or legal representative, attorney-at-law or attorney-in-fact does not know or cannot reasonably discover the name of occupant, notice may be addressed to "occupant" or "occupants". Public Act87-507 amended subsection (b) to require that the notice set forth "the address, including apartment number or other designation, as applicable" of the premises and to permit the notice to be addressed to an occupant as "John Doe", "Jane Doe" or some other alias which reasonably characterizes the person to be served, rather than "occupant" or "occupants", when the owner or lessor "knows of the presence of an occupant" but does not know and cannot discover his name. Public Act 92-171 amended subsection (b) to delete the requirement that reasonable diligence be exercised to discover the name of an occupant whose presence is known as a condition of addressing the notice to "John Doe, "Jane Doe" or some other alias.
It is clear from these multiple actions of the legislature that it intended to carve out a statutory exception to the rule of Buxton v. Ullman, supra 60. It has further been said that naming John Doe defendants in a complaint and writ is improper under Connecticut Practice. The Connecticut Practice Book does not authorize naming John Doe defendants. Neither does Connecticut have a fictitious name statute that authorizes naming a John Doe defendant. In those jurisdictions that permit suits against a defendant, whose identity or name is unknown, there are CT Page 4180-C statutes authorizing the fictitious designation. 67A C.J.S.Parties 115 p. 937-39 (1978). Kerr v. Doe Et Al 11 Conn. L. Rptr. No. 12, 375, (May 30, 1994) (Sullivan, J.), 1994 Ct. CaseBase 3965, 3966-3967, April 15, 1994.
The defendant cites a personnel injury case in which the court granted John Doe's motion to dismiss because Connecticut Practice does not permit actions against John Doe defendants.Kerr v. Doe, supra 3967. The defendant also cites a foreclosure action in which a motion to substitute John Does as tenants in a foreclosure action was denied. Farmers and Mechanics Bank v.Nellis, 8 CSCR 97, December 21, 1992 (Higgins, J.), 1992 Ct. CaseBase 11288, 11291.
Summary process actions are a creature of statute and must be strictly construed. Jo-Mark Sand Gravel Co. v. Pantenella,139 Conn. 598, 600-601 (1953). The statutory language of a notice to quit, the service of the notice to quit and the service of the writ, summons and complaint must be strictly construed and a failure of those notice requirements deprives the court of subject jurisdiction Rosato v. Keller, H-45, August 8, 1979 (Spada, J.); Marrinan v. Hamer, 5 Conn. APP. 101, 103 (1985). A summary process action is initiated by giving the require notice to quit pursuant to statute. Webb v. Ambler, 125 Conn. 543,552-553 (1939).
The plaintiff has complied with Connecticut General Statutes§ 47a-23(b) by serving the four named "Does" as tenants or occupants and has further complied with the writ, summons and complaint requirements of both civil process and summary process actions by naming the four "Does" as the only named defendants.
The process of naming a fictitious individual as a defendant in a summary process action does not deprive the unnamed individuals of due process rights. Double I Limited Partnershipv. Planning and Zoning Commission, 218 Conn. 65, 76 (1991). The unnamed defendants, John Doe I and II and Jane Doe I and II, must be served with a copy of the Notice to Quit, Connecticut GeneralStatutes § 47a-23(c): with a copy of the writ, summons and complaint in the same manner as a civil process, ConnecticutGeneral Statutes § 47a-23a(a); served with a copy of the motion for judgment for failure to plead, Connecticut GeneralStatutes § 47a-26(a), as well as receiving a notice of judgment addressed to all defendants from the clerk upon the entry of judgment in accordance with Connecticut General StatutesCT Page 4180-D§ 47a-26h(b). In addition the Connecticut General Statutes provide for an exemption to be claimed. "Any occupant not named in the action who claims not to be subject to the summary process action because his occupancy commenced prior to service of the notice to quit or his occupancy commenced or continued with the consent of the plaintiff or under a right to occupy equal or superior to the rights of the plaintiff may, at any time before or after judgment but prior to issuance of an execution, file under oath a claim of exemption from such action." ConnecticutGeneral Statute § 47a-26h(c) Furthermore, "Notwithstanding the provisions of § 47a-42, no summary process execution shall be issued or enforced unless valid execution has been issued against all occupants of the premises, except that such execution may be issued and enforced, without issuing or enforcing execution against other occupants, upon a person against whom a judgment has been entered based upon that person's having conducted himself in a manner which constitutes a serious nuisance by using the premises for the illegal sale of drugs, as defined in subparagraph (D) of § 47a-15." Connecticut GeneralStatutes § 47a-26h(c). Therefore the John Does and Jane Does who occupy premises in the State of Connecticut are provided with due process rights in accordance with the statutory summary process scheme under Title § 47a. Frillici v. Westport,231 Conn. 418, 437 (1994).
The plaintiff served John Doe I and II and Jane Doe I and II by abode service with the Notice to Quit and the writ, summons and complaint. There is no lack of jurisdiction over the person, insufficiency of process or insufficiency of service of process. The court has jurisdiction over the persons of John Doe I and II and Jane Doe I and II in accordance with Connecticut GeneralStatutes § 47a-23(b). "In actions or proceedings which are not strictly in rem, there is generally no authority to proceed against unknown persons in the absence of a statute permitting such an action." 85 A.L.R.3rd Sec. 2, 134, 59 Am.Jur.2nd, PartiesSec. 16, 401. Compliance with the statutory procedure established by Connecticut General Statutes § 47a-23(b) is sufficient to grant jurisdiction to the Superior Court over John Doe (I), John Doe (II), Jane Doe (I) and Jane Doe (II).
The Motion to Dismiss is denied.
BY THE COURT,
KEVIN TIERNEY, JUDGE CT Page 4180-E