[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 9, 1994, the plaintiff, Mohamed Maklani, filed a complaint alleging negligence against the defendants, UPS and "John Doe," for injuries arising out of a hit and run automobile accident. On July 11, 1994, the court (Lavine, J.) granted a petition for pre-action discovery in order to allow the plaintiff to attempt to identify the hit and run defendant, "John Doe." On October 11, 1994, the court (Holzberg, J.) denied the defendants' motion to dismiss "without prejudice to the defendant to renew said motion if within 60 days of this order the plaintiff has not added and/or substituted a named defendant." Defendants' Motion to Dismiss. The defendants have renewed their motion to dismiss, and the plaintiff has not yet identified "John Doe."
The motion to dismiss is the "proper vehicle for claiming any lack of jurisdiction in the trial court." Upsonv. State, 190 Conn. 622, 624-25 n. 4, 461 A.2d 991 (1983).
"In `actions or proceedings which are not strictly in rem but are in personam or quasi in rem, there is generally no authority to proceed against unknown persons in the absence of a statute' permitting such an action." (Citations omitted.)Connecticut Resources Recovery Authority v. Refuse Gardens,Inc., 6 Conn. L. Rptr. 221 (March 25, 1992, Schaller, J.). "There is no authority to proceed against unknown persons in CT Page 4315 actions in Connecticut courts. . . ." Id., 222. See also,Kerr v. Doe, 11 Conn. L. Rptr. 375 (April 15, 1994, Sullivan, J.); Farmers Mechanics Bank v. Nellis, 8 CSCR 97 (December 21, 1992, Higgins, J.); Hackett v. State, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 352161 (November 28, 1990, Stengel, J.).
Because there is no authority to proceed against unknown persons in this situation, the defendants' motion to dismiss is granted.
JULIUS J. KREMSKI STATE TRIAL REFEREE